JOSEPH FEDARKO, PETITIONER, v. JOSEPH S. HOFF,
DEFENDANT.

Decided May 12, 1925.

**Habeas Corpus—Transfer of Persons From Rahway Reformatory to State Prison Alleged to Have Been a Sentence of the Reformatory Authorities—Habeas Corpus Act Provides, if Confinement is by Virtue of Any Warrant, Etc., a Copy Thereof Must Be Annexed to Petition—If It Had Been Done in Instant Case It Might Reveal a Legal Restraint, and Writ is Accordingly Denied.**

On petition for *habeas corpus*.

For the petitioner, *Butler & Butler*.

The opinion of the court was delivered by

MINTURN, J. This is an application for a writ of *habeas corpus* by Joseph Fedarko, now confined in state's prison, at Trenton, who alleges that the cause of his confinement, to the best of his knowledge and belief, was a sentence imposed upon him by the governing body of the reformatory at Rahway, in punishment for certain misdemeanors alleged to have been committed by him while in prison in the state reformatory.

Section 4 of the *Habeas Corpus* act (*Comp. Stat., p.* 2641) provides that if the confinement or restraint is by virtue of any warrant, order, process or commitment, a copy thereof must be annexed to the petition, or else a demand for such copy and a refusal thereof must be shown.

*Pamph. L.* 1918, *ch.* 147, § 213, provides for the transfer of inmates from one correctional institution to another. See, also, *Pamph. L.* 1911, *p.* 159, § 2.

In this situation it may be that if a copy of the commitment was before the court upon this application it would appear that the petitioner is detained by virtue of an original commitment by a court of competent jurisdiction to the

32

reformatory, and that a legal transfer from the reformatory to the state prison had been made, in conformity with the statute herein referred to, and under those circumstances no new or additional sentence had been imposed upon the petitioner.

The petitioner for a writ of *habeas corpus* will therefore be denied.