10 N.J. Super. 600 (1950)
77 A.2d 818
IN THE MATTER OF THE APPLICATION OF JOHN DANIEL WHITE FOR A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided December 14, 1950.
*601 Mr. Walter P.A. Ensor, Jr., attorney for the petitioner.
Mr. Theodore D. Parsons, Attorney General (Mr. Eugene T. Urbaniak, Deputy Attorney General), attorney for the State.
*602 HUTCHINSON, J.C.C.
The petitioner was committed to the New Jersey Reformatory at Annandale on February 7, 1945, by one of the judges sitting in Essex County. On October 6, 1945, he was transferred by the Commissioner of the Department of Institutions and Agencies to the New Jersey State Prison at Trenton, where he is presently confined.
Among other things, and perhaps chief among his reasons, is the suggestion that by his transfer from the Reformatory at Annandale, where no minimum term is fixed by law, he was subjected to the "rules and regulations" of the New Jersey State Prison, whereby he would not be eligible for parole until the expiration of his maximum term, less work time earned under R.S. 30:4-92, and that the act providing for such transfer is unconstitutional.
The petitioner contends that by his transfer to the New Jersey State Prison he thereby became subject to the rules and regulations of the latter institution, under R.S. 30:4-86 and the provisions of law applicable thereto, as though originally committed to that institution, and cites the second paragraph of the section of the law in question, providing that:
"No order of transfer shall operate as authority for the detention of any person for a term in excess of that contemplated by the original sentence or order of commitment, and no person sentenced to a definite minimum term of imprisonment shall as a result of transfer be paroled or finally discharged before the expiration of such minimum term. * * *"
He contends that the act providing for such a transfer is to that extent unconstitutional.
R.S. 30:4-85, which provides that persons transferred shall be subject to the rules and regulations and discipline of the institution in which they are confined, relates solely to the administration and discipline of the institution in question, and does not increase or change the sentence originally imposed.
Under R.S. 30:4-86 the petitioner is not being detained for a term in excess of that contemplated by the original sentence or order of commitment, nor is he limited in his possibility *603 of parole or discharge because of a definite minimum term of imprisonment imposed. The sentence to the Reformatory at Annandale was for an indeterminate term, the mimimum of which was the date of his commitment to that institution, and the maximum was the maximum term for the crime for which he was sentenced, namely, a high misdemeanor, for which the maximum term is seven years.
Technically at least, he became eligible for parole on the very day of his commitment to the Reformatory. His transfer to the New Jersey State Prison, for whatever reason it may have been, did not change the situation, for if it had, it would have provided a new and additional sentence which would have been illegal.
It is also suggested by the petitioner that, under the provisions of R.S. 30:4-140, the petitioner was entitled to remission time for orderly deportment, manifest effort of self-improvement and control, continuous good conduct, etc. However, this statute affects those directly committed to the State Prison, which is not the case here, for in this instance it was a transfer from one institution to another.
R.S. 30:4-140 applies only to prisoners who had been committed to the State Prison for maximum and minimum terms. In this instance the prisoner was committed for an indeterminate term not to exceed the maximum for the crime for which he was sentenced, namely, seven years, all of which he might have served in the Reformatory at Annandale, if necessary to effect his rehabilitation.
On the return of the writ the petitioner was sworn and examined, and in the course of his examination he testified that he had been transferred from the Reformatory at Annandale to the Reformatory at Rahway for attempted escape from the former institution. On cross-examination he admitted that he had been fined, as he termed it, 60 days in the Rahway Reformatory for having in his possession a crystal set (radio set), and that he was again penalized another 60 days for another offense. He also admitted that three years ago he had requested his transfer from the Reformatory at Rahway *604 to the New Jersey State Prison, and also admitted several infractions of the rules and regulations at the former institution, from which he was transferred to the State Prison some two years later.
The Deputy Attorney General admitted at the hearing that the petitioner was entitled to credit under R.S. 30:4-92 for remission of 402 days for what is commonly known as "work time" for work performed while employed in productive occupations in the institution, which he stated would be allowed the petitioner.
It is suggested, as stated before, that R.S. 30:4-85, providing for transfers such as the one in issue here, is unconstitutional. This proposal is without merit. In the case of Fedarko v. Hoff, 3 N.J. Misc. 497 (Sup. Ct. 1925), Justice Minturn of the former Supreme Court, assuming that certain evidence was before him, which was not, stated that "a legal transfer from the reformatory to the state prison had been made, in conformity with the statute herein referred to" (which is the one in question here) "and under those circumstances no new or additional sentence had been imposed upon the petitioner." If such is the case, and it is, then no constitutional question is involved.
The petition for a writ of habeas corpus is, therefore, denied.