27 N.J. Super. 423 (1953)
99 A.2d 539
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CECIL MILTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 1953.
Decided September 22, 1953.
*424 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Cecil Milton, pro se.
Mr. George A. Gray, Assistant Prosecutor, for the State (Mr. J. Victor Carton, Monmouth County Prosecutor).
The opinion of the court was delivered PER CURIAM.
On the night of May 5, 1951 the petitioner Cecil Milton was apprehended upon information that he had with a knife inflicted a fatal injury upon one Calvin Short. *425 Explaining the provocation, he acknowledged the commission of the deed. On May 7, 1951 he was indicted for murder by the Monmouth County grand jury. On May 10, 1951 he was arraigned before the County Court and tendered a plea of guilty to the allegations of the indictment. The court declined to accept the plea of guilty, directed the entry of a plea of not guilty to be entered on behalf of the defendant, and designated a capable and experienced attorney to represent him.
On June 19, 1951 during the commencement of the trial the defendant through his counsel informed the court of his desire to retract the plea of not guilty and submit a plea of non vult to a charge of murder in the second degree. His request was granted and so recorded. On June 26, 1951 the defendant was sentenced to imprisonment in the New Jersey State Prison for a term not less than 15 years and not more than 30 years, at hard labor.
On November 19, 1952 this defendant, then confined in the institution at Rahway, addressed a petition to the judge of the Middlesex County Court for the allowance of a writ of habeas corpus pursuant to which the legality of his imprisonment might be examined and determined.
The application for the writ was denied as evidenced only by a letter written by the judge under date of November 19, 1952. Cf. In re Kershner, 9 N.J. 471 (1952). The petitioner's notice of appeal is dated May 9, 1953. We are not made aware of any order subject to appellate review. An order dismissing an application for the writ is regarded as a final judgment. State v. Payne, 17 N.J. Super. 561 (App. Div. 1951). Appeals may not be taken from opinions. Hughes v. Eisner, 8 N.J. 228 (1951); Storch v. Storch, 7 N.J. Super. 97 (App. Div. 1950). However, in the absence of the entry of an order or judgment the appeal cannot be impugned as untimely under Rule 1:2-5, now R.R. 1:3-1; Rule 4:2-5, now R.R. 2:3.
In the consideration of most appeals the basic subject of consideration is the factual premise. We are not at liberty to accept mere factual representations in a petitioner's *426 brief which meet the positive refutation of the record before us. For example, the present petitioner alleges that there was a prejudicial delay of 15 days in his arraignment. But see in this particular, State v. Bunk, 4 N.J. 461 (1950); State v. Schmieder, 5 N.J. 40 (1950). The fact appears to be that in consequence of his confession he was committed to jail on the morning of May 6, 1951, indicted on May 7, 1951 and arraigned on May 10, 1951. Cf. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951). He complains that he was not represented by counsel at his arraignment. He suffered naught on that occasion since despite his announcement of his guilt, the court accorded him the full protection of a plea of not guilty. Counsel was immediately assigned to aid him and appeared for him at the trial, at which he entered the plea of non vult to the accusation of a lesser offense. There were no circumstances alleged in his petition from which it could be logically inferred that any unwarranted coercion or deceit was practiced to induce him to enter the plea.
The petitioner refers in his petition to the making of the confession but does not allege that the admissibility in evidence of the confession was ever projected for determination at the trial or that the confession was ever in fact utilized evidentially against him.
In habeas corpus proceedings, the burden rests upon the petitioner to disclose facts by his petition which to a prima facie degree legally constitute adequate cause, i.e., an illegal imprisonment, for the issuance of the writ. The writ is one of right where reasonable cause is shown for its issuance. It is not a writ to which a petitioner is entitled as a matter of course. State v. Cynkowski, 10 N.J. 571 (1952). Our examination of the petition and accompanying record in the present proceeding persuades us that the application was justifiably denied.
Affirmed.