31 N.J. Super. 6 (1954)
105 A.2d 685
BOROUGH OF NEPTUNE CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT,
v.
WILLIAM R. MESTICE, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1954.
Decided June 2, 1954.
Before Judges EASTWOOD, JAYNE and FRANCIS.
*7 Mr. William R. Mestice, appellant, pro se.
Mr. Joseph R. Megill argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The defendant was evidently found guilty by the magistrate of the Municipal Court of the Borough of Neptune City on October 1, 1953 of violating the zoning ordinance of that municipality and directed to attend a session of that court to be held on the evening of October 6, 1953 at which the penalty for the violation would be determined.
The record before us contains the following memorial of the proceedings on October 6, 1953:
"Ordered and adjudged that the defendant is guilty as of October 1, 1953 of said offense as charged in the complaint and is convicted thereof, and is sentenced on October 6, 1953 to a fine of Two hundred ($200.00) dollars."
On October 7, 1953 the defendant filed a petition addressed to the Monmouth County Court in which he prayed, inter alia, for the following relief:
"That the judgment and penalty, as inflicted by the Court below, be set aside, vacated, and for nothing holden, for want of jurisdiction, since the above matter is purely a civil matter and not criminal, and reversed * * * and that a trial de novo be granted to the herein appellant * * *."
On October 8, 1953 the judge of the County Court entered an order:
"That the judgment and sentence as finally entered on the 6th day of October, 1953, is hereby arrested, set aside, and for nothing holden, and the matter to be heard de novo in this Court as a Civil Action for the purpose thereof."
On October 19, 1953 the defendant filed in the County Court a notice of appeal, dated October 5, 1953 and said by the borough attorney to have been served upon him on the *8 morning of October 6, 1953 before the evening session of the municipal court, from his conviction "on October 1, 1953."
On October 23, 1953 in response to a motion made by the borough attorney the judge of the County Court entered an order dismissing the appeal.
The defendant then gave written notice dated October 23, 1953 and filed on October 29, 1953 to the borough attorney of his intention to apply on November 6, 1953 to the County Court for an order:
"Restoring the appeal, and the order as entered on the 8th day of October, 1953 (which seems also to have been vacated by the County Court on October 23, 1953) * * * and I shall further ask the Court to set down a day for a pretrial conference and a hearing by jury as provided by law * * *."
On November 6, 1953 an order was entered in the County Court denying the defendant's application. On December 14, 1953 the defendant served and we shall assume thereafter filed a notice that he appeals to the Appellate Division from:
"* * * the judgment of conviction entered in the above matter on October 1, 1953, and as per sentence imposed for $200 on October 6, 1953 and from all orders, and related procedures, and the final order entered on the 11th day of December, 1953 which denied the application for a trial de novo * * *."
The foregoing is an up-to-date chronological summary of the movements in this case. We may pause to state that although the defendant is not a member of the bar, he has conducted pro se considerable litigation in our courts from which progressively increasing experience he has undoubtedly derived a familiarity with our procedural rules.
We shall begin our review near the beginning and recognize the fundamentally decisive question to be whether the defendant filed his notice of appeal from the judgment of conviction in the municipal court to the County Court within the time prescribed by the rules.
"The sine qua non of the jurisdiction of an appellate court is the filing of an appeal or writ of error within the *9 time limited." State v. Janiec, 6 N.J. 608, 613 (1951). See also, In re Pfizer's Estate, 6 N.J. 233 (1951); Weaver v. Township of North Bergen, 6 N.J. 475 (1951).
Suppose we assume that the final judgment of conviction was entered on October 6, 1953 and that the notice of appeal was served upon the attorney of the respondent prematurely (cf. In re Kershner, 9 N.J. 471, 474 (1952); State v. Milton, 27 N.J. Super. 423 (App. Div. 1953)), was the filing of the notice of appeal on October 19, 1953 within the time limited by the applicable rule?
We consult R.R. 1:3-1 which in subdivision (a) specifies a period of three months from final judgments in criminal causes in the trial divisions of the Superior Court and County Courts and in subdivision (c) limits the period to ten days from final judgments of municipal courts.
Our reflections, although not projected by the appellant, have encircled the declaration of the Supreme Court in City of Absecon v. Vettese, 13 N.J. 581 (1953), on page 584, that: "Since the adoption of our new court rules in 1948 it has become well established that, for procedural purposes, conviction for violation of a municipal ordinance is to be treated as a criminal cause." Vide, also, City of Newark v. Pulverman, 12 N.J. 105, 114 (1953).
We necessarily trace the import of R.R. 8:11-1 to R.R. 3:10-5 and then to R.R. 1:3-1. R.R. 3:10-5 supplanted former Rule 2:11. Vide, City of Newark v. Pulverman, supra. Is the time within which the defendant may appeal from a final judgment of conviction of the violation of a municipal zoning ordinance prescribed by subdivision (a) or by subdivision (c) of R.R. 1:3-1 in view of the decisions in City of Newark v. Pulverman, supra, and in City of Absecon v. Vettese, supra, in the latter of which it was stated that "The defendant's conviction was governed by what is now R.R. 1:3-1 (a) and his appeal was timely."
It is immediately noticeable that subdivision (a) of R.R. 1:3-1 pertains to appeals taken from "final judgments in criminal causes in the trial divisions of the Superior Court and county courts." Equally noticeable is the circumstance *10 that the appeals with which the Supreme Court was concerned in the City of Newark v. Pulverman and City of Absecon v. Vettese cases were prosecuted from the judgments rendered in the county courts.
Counsel for the respondent also invites our attention to the apparent failure of the defendant to embody in his notice of appeal all of the information required by R.R. 3:10-3.
We conclude that subdivision (c) of R.R. 1:3-1 limited the period of time to ten days within which the defendant could appeal from his conviction in the municipal court to the County Court. The notice of appeal was filed beyond that period of time; the County Court lacked appellate jurisdiction of the action and the abortive appeal was therefore properly dismissed. The present appeal to this court must likewise be dismissed.