33 N.J. Super. 85 (1954)
109 A.2d 424
STATE HIGHWAY COMMISSIONER OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
UNION PAVING COMPANY, A CORPORATION OF DELAWARE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 17, 1954.
*86 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Crawford Jamieson argued the cause for the plaintiff-respondent (Mr. Morgan R. Seiffert, attorney).
Mr. John Henry Reiners, Jr., argued the cause for the defendant-appellant.
*87 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
In this condemnation case the New Jersey State Highway Commissioner condemned a portion of the industrial lands owned by the Union Paving Company. The State appealed from an award of the commissioners in the amount of $51,420, and the matter was heard de novo by the Superior Court, Law Division, sitting without a jury, and that court returned an award of $32,457.82, plus interest.
The defendant company moved for an order making additional factual findings, for an amendment of the judgment or a new trial, and to tax costs against the State Highway Commissioner, which motions were denied. The defendant company appeals from the judgment entered.
The defendant contends that the trial court made insufficient factual findings and failed to state separately its conclusions of law thereon pursuant to R.R. 4:53-1, and erred in refusing to allow costs against the Commissioner in its favor.
The alleged deficiencies in the findings are: (1) over generalization; (2) no itemized breakdown as to the various elements of damage; and (3) the findings are inconsistent with the award which is asserted to be inadequate.
The appellant's contention that the trial court erred in failing to itemize the various elements of damage is without merit. In the case of Hutches v. Hohokus, 82 N.J.L. 140 (Sup. Ct. 1911), the court denied error in the failure to break down the elements in the award, stating at page 143:
"This has been held not to be essential. The award of the commissioners was in compliance with the settled law of this state. Pennsylvania Railroad Co. v. National Docks Co., 28 Vroom 86; Bright v. Platt, 5 Stew. Eq. 362; Zimmerman v. Hudson & M.R.R. Co., 47 Id. 251."
Cf. Herr v. Board of Education, 82 N.J.L. 610 (E. & A. 1912).
Rule 4:53-1 generally follows Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and under authority of Rule 71A is now applicable to condemnation cases. The *88 Advisory Committee Report (S.F.R.D. 47), found no need for over-elaboration of detail or particularization of facts; that a judge need only make brief, definite, pertinent findings on the contested matters. As stated by the court in Penmac Corporation v. Esterbrook Steel Pen Mfg. Co., 27 F. Supp. 86 (D.C.S.D.N.Y. 1939), reversed on other grounds, 108 F.2d 695 (2d Cir. 1940), the findings required by the rule need only be findings of essential facts and need not be findings on every aspect of the evidence. That matter was a patent infringement case and the court stated that:
"It might be sufficient for me herein to say `I find the claims of this patent are valid,' and `I find that they have been infringed,' but I think it is appropriate that there should be a little more flesh and blood put into the findings * * *." 27 F. Supp. 86, 93.
In United States v. Certain Land, etc., 109 F. Supp. 618, 619 (D.C.E.D. Mo. 1952), the only facts apparently found were as to the value of the various parcels of land prior to the taking and the value thereafter, the difference in values being the damages and the amount of the award. The award was the subject of review and the court stated:
"We are not impressed with objections of the Government, where the compensation award is within the range of the testimony in the record, or is supported by substantial evidence."
Cf. Baetjer v. U.S., 143 F.2d 391 (1st Cir. 1944).
In a condemnation matter, where the issue is the amount of the award, the essential fact question is whether the award represents just compensation. In the matter sub judice the court found that the land taken was of a value of 60 cents per square foot and that damage to the remaining land was $22,500, or a total of $32,457.82. In the trial court's opinion, which was dictated into the record, a general recitation is made of the matters introduced into evidence, the fact that the court had visited the premises and the fact that he weighed the testimony offered by the parties and reviewed each of the exhibits and models introduced.
*89 Assuming arguendo that the trial court should have made more extensive factual findings,  and we agree that the findings were sufficient  we do not consider that appellant has suffered prejudicial error, for it has totally failed to include in its appendix any of the testimony, exhibits or other evidence in the case to support its allegations of inadequacy. In the premises, to hold as appellant contends would be speculation on our part and totally without support. The trial court's findings refer to evidence which it has reviewed and in absence of preponderating proofs in conflict thereof, we will not impeach that finding. The requirements of R.R. 1:7-1(f) have not been followed and, as stated in Shortau v. Buresch, 3 N.J. Super. 139 (App. Div. 1949), failure to comply with the rules on appeal is sufficient reason for dismissal of the appeal.
We have also considered appellant's contention of error in the trial court's refusal to allow costs against the Commissioner and find it is unmeritorious.
R.R. 4:92-8 provides that if the judgment on appeal is for a sum less than the Commissioner's award, "* * * costs of the appeal shall be charged against the appellant." The appeal from the award was taken by the plaintiff and the costs thereof were charged to and paid by him. The defendant does not point out any court costs or filing fees incurred by it in the Law Division. To yield to defendant's contention would result in imposing costs in favor of an unsuccessful litigant.
In re Bay Creek Railway Co., 18 N.J.L.J. 342 (Sup. Ct. 1895), dealing with a statutory provision similar to R.S. 20:1-14, the court stated that no allowance of costs could be made for services of landowner's counsel or expenses incurred by the owner in presenting testimony as to the value of damages. In addition, N.J.S. 2A:15-60, provides that costs may not be recovered against the State. R.R. 4:55-7 limits the instances under which fees may be allowed in taxed costs and does not encompass the matter sub judice.
Affirmed.