35 N.J. Super. 313 (1955)
114 A.2d 270
WILLIAM R. MESTICE, PLAINTIFF-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF NEPTUNE CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1955.
Decided May 11, 1955.
*314 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Joseph R. Megill, attorney for respondent, argued the motion.
No appearance for appellant.
PER CURIAM.
Plaintiff appeals from a judgment of the Law Division striking his complaint in lieu of prerogative writ because the action was not commenced within the 30-day period fixed by R.R. 4:88-15(b)(3) for a review of any decision of a board of adjustment. The appeal must be dismissed.
R.R. 1:2-10 requires that in all civil appeals the appellant shall within 30 days after filing notice of appeal deposit with the clerk of the appellate court $100 to answer the costs of the appeal. In default of making such deposit *315 the appeal may, on application of the respondent, be dismissed by the appellate court with costs. This rule is made applicable to the Appellate Division by R.R. 2:2-5. Notice of appeal to this court was filed December 18, 1954. Plaintiff has not yet deposited the required monies to answer costs. There has been no application for enlargement of time, R.R. 1:27B, even though plaintiff, as late as March 16, 1955, knew that his appeal was in danger when defendant served its notice of motion to dismiss it for failure to deposit security for costs. There is not even the shadow of a suggestion of excusable neglect here. Plaintiff's failure to deposit security for costs is of a piece with his conduct of the litigation from the very beginning.
There are two other reasons why the appeal should be dismissed, both of them evidenced on the face of the record: (1) plaintiff failed to institute his action in lieu of prerogative writ within time, and (2) he failed to serve his briefs upon defendant's attorney within time. A brief review of the history of the action makes evident these deficiencies.
In 1945 plaintiff bought certain premises on Ridge Avenue. Neptune City, and in 1953 he applied to the zoning board of adjustment for permission to alter them so as to accommodate five families. The local ordinance prohibits the use of a dwelling house by more than one family in the zone where plaintiff's property is located. There was a hearing on the application, resulting in its denial. The resolution of denial was filed in the office of the board of adjustment and notice of the board's action mailed to plaintiff on or about March 20, 1954. Plaintiff admits receipt of this notice on April 9, 1954. Plaintiff then filed a "Notice of Appeal" to the "Law Division, Essex County" on April 17, 1954. An amended notice of appeal to the "Superior Court of New Jersey," entitled "In the Nature of Certification Petitioner Demands Trial De Novo by Jury, and Demand of Damages to be Assessed," was filed April 21, 1954. Defendant's motion to strike this "appeal" was granted on June 11, 1954, the judgment of dismissal stating that the proceeding had not been undertaken in the manner provided by R.R. 4:88-3.
*316 On June 17, 1954 plaintiff filed his complaint in lieu of prerogative writ in the Clerk's Office of the Superior Court, service being effected upon defendant that day. Defendant's answer reserved the right to move at or before trial to strike the complaint. Thereafter defendant served and filed its notice of motion to strike the complaint, returnable July 6, 1954, together with affidavits annexed. One of the reasons assigned for striking the complaint was that plaintiff had not commenced his proceeding in lieu of prerogative writ within the 30-day period from the filing of the decision of the local board of adjustment and notice thereof to plaintiff, as required by R.R. 4:88-15(b) (3). The motion was continued several times. Finally, a new notice of motion to strike, returnable November 19, 1954, was served and filed. On that day judgment striking the complaint was entered on the ground that the action was not commenced within the period prescribed by the cited rule. Plaintiff then obtained an order to show cause why this judgment should not be set aside. The order to show cause was discharged on December 17, 1954.
Plaintiff served his notice of appeal from the judgment striking the complaint on November 23, 1954, and filed it in the Superior Court Clerk's Office on December 18, 1954. R.R. 1:7-12(a) requires that "Within 30 days after the filing of the notice of appeal, * * * the appellant shall file with the clerk of the appellate court 12 copies of his brief and serve 3 copies on the attorney of each of the opposing parties." This rule is made applicable to the Appellate Division by R.R. 2:7-3, which rule provides that in the Appellate Division only six copies of the brief need be filed with the clerk of the court. The last day on which plaintiff could file and serve his briefs was January 17, 1955, computing the 30-day period pursuant to R.R. 1:27. Plaintiff left his briefs at the office of defendant's attorney by placing them upon his desk at about 9 P.M. on Tuesday, January 18, 1955, when no one was there. They were found there by the attorney when he came to his office the next morning. Defendant thereupon served its notice of motion to suppress *317 plaintiff's brief returnable before this court on February 28, 1955. The grounds stated in the notice were based upon failure to observe the requirements of R.R. 1:7-1(a), (b), (c), (d) and (f), and also failure to serve the brief and appendix in accordance with R.R. 1:7-12. On March 1, 1955 this court ordered plaintiff's brief suppressed, directed him to file proper and adequate briefs within ten days after entry of the order, and reserved the question of dismissing the appeal for plaintiff's failure to serve his brief upon defendant's attorney within the time prescribed by R.R. 1:7-12(a). This was done because the court had before it little more than defendant attorney's oral representation as to how plaintiff served his brief.
We now have before us affidavits by defendant's attorney, his secretary, his associate and his secretary, and the cleaning woman in the office premises, which clearly and uncontrovertably show that plaintiff did not serve his briefs on defendant's attorney or anyone associated with his office during the regular office hours of January 17, 1955, but placed them upon the attorney's desk about 9 P.M. Tuesday evening, January 18, where they were found by the attorney the next morning. Plaintiff filed no affidavit in contradiction. The appeal should therefore be dismissed because of failure to comply with R.R. 1:7-12(a). See R.R. 1:7-12(c) and R.R. 4:5-2 as to the manner of serving briefs.
Plaintiff's failure to institute his action in lieu of prerogative writ within the time required by R.R. 4:88-15(b) (3) provides another ground for dismissing the appeal. He filed his complaint on June 17, 1954, 69 days from the date plaintiff admitted having received notice of the denial by the board of adjustment of his application for a variance. Plaintiff made no application for extension of time under R.R. 1:27B(2), which permits the court in its discretion to extend the 30-day period for bringing a proceeding in lieu of prerogative writ to review any action of a board of adjustment under R.R. 4:88-15(b)(3). But even had he done so, the court could not have enlarged the time by more than 30 days, so that in any event plaintiff was nine days late in *318 instituting his action in lieu of prerogative writ. In re Pfizer's Estate, 6 N.J. 233, 239 (1951); Theresa Grotta Home for Convalescents v. Board of Adjustment of Borough of North Caldwell, 19 N.J. Super. 331, 336-338 (App. Div. 1952).
Dismissal of this appeal puts an end to litigation which, insofar as plaintiff is concerned, has pursued a tortuous course attended by repeated failures to comply with our most fundamental rules of procedure. He failed to appear before us on the return day of the motion to dismiss, this also being the day fixed for hearing argument on the appeal itself. Instead, he addressed a letter to the clerk of the court advising he would not be able to appear, apparently because he had departed or was about to depart for a vacation abroad.
Plaintiff is a layman, but from previous experience before this court we are informed of the fact that he has studied law in preparation for the bar examinations. He has conducted considerable litigation pro se in our courts, so that in addition to his studies he has had a rather extensive experience and familiarity with  though obviously no expertness in applying  our rules of procedure. The records of the Clerk of the Superior Court show that since 1948 he has been involved in at least eight actions, in six of which he was plaintiff. He took five appeals to this court, including the one under consideration, and has appeared before the court on motions on a number of occasions, most or all of them dealing with his failure to observe the rules. Although the court exercises "guarded discretion" to protect a layman and will grant relief in accordance with established principles of law and the facts of a particular case, Bowman v. Bambara, 28 N.J. Super. 92, 98 (App. Div. 1953), we are not here dealing with a lay person completely unskilled in matters of legal practice. Borough of Neptune City v. Mestice, 31 N.J. Super. 6, 8 (App. Div. 1954). The court has, on previous occasions, indicated the advisability and need of plaintiff engaging competent counsel to represent him.
It may be observed that although we suppressed plaintiff's original appendix and brief and permitted him to file proper *319 and adequate briefs within ten days of the entry of the order, his present brief does not conform with R.R. 1:7-1. Neither the statement of questions involved nor statement of facts is proper, and he cites no legal authority for his argument.
The appeal is dismissed, with costs.