37 N.J. Super. 129 (1955)
117 A.2d 48
FRANK GARGANO AND NICOLINA G. NORWIG, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH VENEZIO AND PAULINE VENEZIO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Decided September 29, 1955.
*130 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Louis J. Venezio, attorney for appellants.
Mr. Eugene A. Liotta, attorney for respondents.
PER CURIAM.
The provisions of R.R. 1:7 (made applicable to the Appellate Division by R.R. 2:7) have as their prime purpose the orderly and considered presentation of a matter on appeal so that the court may have before it such parts of the record and such legal authorities and reasoning *131 as will be of help to it in arriving at a proper determination. Although a large majority of the appellate bar have been diligent in meeting the requirements of the rule, to the benefit of the court as well as their clients, there have been many occasions when the preparation of the appeal has been less than adequate, and some instances when the appendix and briefs have completely failed to meet the requirements. The present appeal falls into the latter category.
This court has had occasion to refer to the inadequacies of appendices and briefs in a number of opinions published in the past three years, after the bar had had an opportunity to familiarize itself with the rules relating to appellate procedure. See, for example, Feddock v. New Jersey Realty Co., 28 N.J. Super. 400, 402 (App. Div. 1953); Josefowicz v. Porter, 32 N.J. Super. 585, 588 (App. Div. 1954); State Highway Commissioner v. Union Paving Co., 33 N.J. Super. 85, 89 (App. Div. 1954); Mestice v. Board of Adjustment, etc., 35 N.J. Super. 313 (App. Div. 1955); Shaw v. Calgon, Inc., 35 N.J. Super. 319, 325, 329 (App. Div. 1955); Sheahan v. Upper Greenwood Lake, etc., Assn., Inc., 36 N.J. Super. 133, 135 (App. Div. 1955). In the Feddock case the court, after commenting on the inadequacies of the appendix, stated that it could well strike appellant's brief and appendix, R.R. 1:7-9, and dismiss the appeal, Grove v. Grove, 21 N.J. Super. 447, 455 (App. Div. 1952), or it could require appellant to deposit additional security for costs. However, in view of the fact that so little had been said by the appellate courts on the matter, the court concluded "to let the matter pass here, with a warning that we will not do so in another case." Similar notice of the possible imposition of sanctions was explicitly or implicitly given in other cases.
The appendix before us violates R.R. 1:7-1 in many respects, among them the inclusion of material not properly part of the record on appeal, failure to print the judgment appealed from, and failure to state filing dates of pleadings, which latter contributed to our lack of a clear understanding of the appeal. Unaccountably, the appendix includes two *132 different statements of proceedings purportedly prepared by the trial court, neither identified by a filing date. Appellants' brief makes no explanation of this discrepancy. The brief refers us to only one case, quotes an old New York text dealing with the law of landlord and tenant, and makes passing mention of Williston on Contracts under the heading of "Miscellaneous Argument." Respondents' brief sets up four points. The first is based on a "rule" of the Union County District Court dealing with warrants for possession; the rule itself is not quoted, and no authority for the rule is cited. The second and third points are disposed of in six and four lines, respectively, without citation of authorities, and the fourth, relating to the status of a statement of proceedings prepared by the trial court under R.R. 1:6-3 where no stenographic record is made, is the only one exhibiting some measure of research.
This failure of counsel to meet their responsibilities might, perhaps, be considered a flattering manifestation of their faith in the "putative legal omniscience of the court," Sheahan v. Upper Greenwood Lake, etc., Assn., Inc., supra, but it is of no aid whatsoever to the judicial process.
The appendix and briefs will therefore be suppressed. Neither party is to recover costs for the printing of the original or new appendix and briefs, regardless of the outcome of the appeal. R.R. 1:7-9.