43 N.J. Super. 522 (1957)
129 A.2d 310
NATHAN LIPSCHITZ, PLAINTIFF,
v.
STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Considered February 11, 1957.
Decided February 14, 1957.
*523 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Nathan Lipschitz, pro se.
Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, for the State (Mr. Eugene T. Urbaniak, Deputy Attorney-General, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Lipschitz, presently an inmate of the New Jersey State Prison, brings this action in lieu *524 of prerogative writ (R.R. 4:88-8) seeking, in effect, an order directing that the appropriate prison officials, in computing commutation time to be credited against the unserved portion of his sentence, take into consideration the time spent by him in the county jail awaiting trial and sentence. Stated negatively, he seeks to enjoin these officials from continuing their present practice of considering only the time spent in State Prison in calculating commutation time. We note, in passing, that plaintiff's resourcefulness in seeking to cut down the time he has to spend in prison is not limited to the present action. See Lipschitz v. State, 43 N.J. Super. 386 (App. Div., Jan. 22, 1957), where plaintiff unsuccessfully sought to receive credit on his present sentence, as well as on the unserved maximum of the former sentence on which he had been paroled and the parole revoked, for time spent in the county jail.
Although it is not at all clear just what "final decision or action" plaintiff seeks to have us review  neither brief deals with the subject  we consider the matter on the merits.
Plaintiff was arrested for violation of the gambling laws on October 28, 1954 and thereafter was confined to the Essex County Jail awaiting trial, conviction and sentence until July 1, 1955, a period of 246 days. He was sentenced to State Prison for a term of 2 1/2 to 3 years. Consistent with the requirement of R.R. 3:7-10(g), the order of commitment directed that he receive credit on the term imposed for the time spent in county jail.
R.S. 30:4-140 provides for certain credits against the maximum and minimum term of a State Prison sentence. These credits are awarded for "faithful performance of assigned labor, * * * continuous orderly deportment, * * * and * * * manifest effort of self-improvement and control * * *." They are allowed on a progressive or accelerated basis, increasing in direct ratio to the length of sentence. Full commutation credits on plaintiff's three-year sentence would amount to 228 days. He claims he is entitled to credits not only for the time he has spent and will continue to spend in State Prison, but also for the *525 period of confinement in county jail. The State maintains that commutation time for the 246 days spent there cannot be granted under R.S. 30:4-140  this in conformity with an opinion of the Attorney-General to the Commissioner of the Department of Institutions and Agencies dated September 18, 1953. Op. Atty. Gen., No. 37 (1953).
Plaintiff places great reliance upon R.R. 3:7-10(g) which, he says, requires that he receive not only credit for the actual number of days while in county jail, but also commutation credits thereon. He argues that the Supreme Court has by its rule declared county jail time and State Prison time as being one and the same. R.R. 3:7-10(g) provides:
"In all custodial sentences the prisoner shall receive credit on the term imposed for any time he may have served in custody between his arrest and the imposition of sentence. * * *"
Plaintiff's contention is not in accord with the plain meaning of the rule, which makes no reference whatsoever to the prisoner's conduct. The rule deals only with the sentencing of a defendant, is addressed solely to the judiciary, and is necessarily concerned only with those matters which are within the judicial sphere. It serves as an administrative guide to the trial judge in fixing the terms of sentence.
It is undeniable that the granting of commutation credits is purely a legislative function and could not properly be included in the sentencing procedure provided for by the rules. Cf. Zink v. Lear, 28 N.J. Super. 515 (App. Div. 1953). Accordingly, any rights which a prisoner has to such credits cannot arise under R.R. 3:7-10(g), but must be grounded in R.S. 30:4-140.
We turn to the full text of the statute:
"For every month of faithful performance of assigned labor by any convict committed to the state prison there shall be remitted to him from the maximum and minimum term of his sentence two days, and in addition, for every month of continuous orderly deportment, two days, and for every month of manifest effort of self-improvement and control, two days. In any month in which a convict shall have merited and received punishment no remission of sentence shall *526 be made, and in case of any flagrant misconduct the board of managers may declare a forfeiture of the time previously remitted, either in whole or in part, as to them shall seem just. On the recommendation of the principal keeper and moral instructor, there shall be remitted two additional days per month to every convict who for twelve months preceding shall have merited the same by continuous good conduct, and for each succeeding year of uninterrupted good conduct the remittance shall be progressively increased at the rate of one day per month for that year."
There is no room for equivocation here. The statutory language clearly is limited to "any convict committed to the state prison," so that any credits against the maximum and minimum term of sentence relate to faithful performance of assigned duties, good behavior, and effort at self-improvement and control while the prisoner is at the State Prison.
By the provisions of R.S. 30:4-140 the Legislature has established standards to serve as a guide to the prison officials in granting, withholding or forfeiting credits. The statute discloses an obvious requirement for the exercise of administrative discretion by them. They must determine whether there is "faithful performance of assigned labor," "continuous orderly deportment," "manifest effort of self-improvement and control." It is they who must decide whether "a convict shall have merited and received punishment," in which case no remission of sentence shall be made; or that there actually exists a case of "flagrant misconduct," in which situation the Board of Managers may declare a forfeiture of credits, in whole or in part, "as to them shall seem just." Further, the Principal Keeper and moral instructor may in their discretion recommend additional credits where the prisoner "shall have merited the same by continuous good conduct." There is not the slightest suggestion that credits are automatically granted without careful consideration of every facet of a prisoner's life and conduct while confined at the State Prison. The granting or withholding of commutation credits are clearly matters firmly committed to the discretion of the prison officials.
County jails and their inmates are under the custody of either the sheriff, R.S. 30:8-17, or the freeholder board, *527 R.S. 30:8-19. On the other hand, prisoners committed to and confined in the State Prison are in the legal custody of the Principal Keeper, consistent with law and the rules and regulations of the Board of Managers and the State Board of Control, R.S. 30:4-6. Obviously, plaintiff was at no time during his confinement in the Essex County Jail subject to the jurisdiction of the Principal Keeper or Board of Managers of the State Prison, or subject to the rules and regulations thereof. The granting or withholding of commutation credits requires the exercise of judgment by the officials specifically designated in R.S. 30:4-140, based upon their observation and evaluation of the prisoner's conduct. They can only exercise such judgment when the prisoner is in their custody at the State Prison.
As the statute now stands, plaintiff is entitled to commutation credits against his sentence only for the period of his confinement at the State Prison. Cf. In re White, 10 N.J. Super. 600, 603 (Cty. Ct. 1950); In re Zienowicz, 12 N.J. Super. 563, 573 (Cty. Ct. 1951), dealing with the question of commutation credits allowable to prisoners transferred from a reformatory to the State Prison.
It may be, as plaintiff claims, that his behavior in the county jail was exemplary. Such a record probably found its way into the presentence report prepared for the court's information by the Essex County Probation Department, and might well have figured in the fixing of the sentence imposed. However, plaintiff's proposal that the prison officials reach back into the past and make certain determinations upon the basis of a county jail set of circumstances where they had not the slightest semblance of jurisdiction over plaintiff, is without warrant in law.
The Board of Managers of the State Prison, as a constituted authority for reducing the term of a sentence as provided in R.S. 30:4-140, must act in strict compliance with the precise mandate of the Legislature as to the manner in which commutation credits may be allowed an inmate. Consistent with this legislative authority, the prison officials have established procedures governing the allowance of commutation *528 credits and the forfeiture thereof. We conclude that these disciplinary procedures could not be applicable to plaintiff while he was in the county jail, but only from the date he was received at the New Jersey State Prison and into the authority of the prison officials  July 1, 1955.
There is an incidental suggestion in plaintiff's brief that his conduct while in the county jail must be considered by the Parole Board when deciding whether parole should be granted at the expiration of his minimum sentence. This is a matter wholly within the discretion of that body. Our courts have repeatedly stated that the grant or denial of parole is committed to the sound discretion of the Parole Board and is in no sense a judicial function. In re Clover, 34 N.J. Super. 181, 187 (App. Div. 1955), and the cases there cited.
Appeal dismissed.