43 N.J. Super. 579 (1957)
129 A.2d 466
IN THE MATTER OF THE APPLICATION OF IRVING LEIBOWITZ, NEW JERSEY STATE PRISON, FOR ISSUANCE OF A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1957.
Decided February 18, 1957.
*581 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. George R. Sommer argued the cause for the petitioner-appellant.
Mr. Myron W. Kronisch argued the cause for the respondent State of New Jersey (Mr. Charles V. Webb, Jr., Essex County Prosecutor, attorney).
*582 The opinion of the court was delivered by FREUND, J.A.D.
Irving Leibowitz filed a complaint under N.J.S. 2A:67-16 for a writ of habeas corpus, stating that on October 28, 1954 he was convicted in the Essex County Court, but was not sentenced until May 14, 1955; that such period of time was unreasonable; and that he was deprived of his constitutional rights. A hearing was held on June 8, 1956 denying the issuance of the writ, but reserving to Leibowitz the right to resubmit an application on the sole ground that the imposition of sentence was unreasonably delayed, if facts existed which could establish actual prejudice resulting from the delay.
In July 1956 Leibowitz filed a second complaint stating the same facts and alleging that he was prejudiced by the unreasonable delay in sentencing in that he was confined in the Essex County Jail instead of the New Jersey State Prison, whereby he lost not only credit for good behavior, commutation time and work time, but also was deprived of the greater conveniences and freedom which he would have enjoyed in State Prison.
The complaints state that Irving Leibowitz was indicted and tried, and on October 28, 1954 convicted by a jury of assault with intent to rob, and that thereafter he was sentenced to a term of eight to ten years in State Prison. He admits that he is also serving concurrently at the New Jersey State Prison a prior sentence of 2 1/2 to 3 years imposed upon him by the Hudson County Court, and, further, that there are detainers from other states requesting that he be turned over to them upon his release from State Prison.
On October 8, 1956, in disposing of the second application, the court wrote a letter to Leibowitz, stating that his sentence had not been unreasonably delayed, and thereupon the issuance of the writ of habeas corpus was denied. In the letter the court stated that the report of an extensive presentence investigation disclosed that Leibowitz had through counsel repeatedly requested adjournments of sentencing, that his attorney had been ill, and further that the sentencing judge had been absent for several weeks due to illness.
*583 The appellant argues a single point:- that the trial court erred in refusing to grant the writ. In considering the merits of the appeal, there are two questions which we deem necessary to be answered: (1) whether the court erred in weighing the findings of the presentence investigation in deciding whether the delay in sentencing was reasonable; and (2) whether an unreasonable delay in sentencing and any resulting prejudice warrant issuance of a writ of habeas corpus.
We are of the opinion that the action of the court in making its own inquiry and denying the application on the basis of what it learned, without granting a hearing on the complaint, was improper. In State v. Cynkowski, 10 N.J. 571, 576 (1952), it is stated that "Where a convicted defendant files a petition for writ of habeas corpus the court may, * * * immediately issue the writ for hearing thereon, or dismiss the petition because of its insufficiency on its face, or call for formal answer by the State." The court did not follow such procedure, but apparently relied upon its own and the presentence investigations. The plaintiff now charges that his application was decided on the basis of the information thus acquired and that, accordingly, his cause was prejudged. The letter would indicate that the usual presentence investigation required by R.R. 3:7-10(b) had been made prior to May 18, 1955, the date of sentencing. Without doubt the action of the court was taken in good faith. However, on an application for a writ of habeas corpus consideration should be limited to the allegations of the complaint. The writ should be granted or denied or a formal answer required. Unless no genuine issue of fact as to the legality of the plaintiff's detention appears, a hearing must be granted. N.J.S. 2A:67-28; State v. Lenkowski, 24 N.J. Super. 444 (App. Div. 1953); 39 C.J.S., Habeas Corpus, § 101, p. 682. Cf. In re Caruso, 10 N.J. 184 (1952); State v. Milton, 27 N.J. Super. 423 (App. Div. 1953).
Where, as here, the complaint for a writ of habeas corpus is denied, without a hearing, the plaintiff on appeal *584 will be "afforded the benefit of its allegations and the reasonable inferences which might be drawn therefrom." State v. Piracci, 14 N.J. Super. 319, 322 (App. Div. 1951). Nevertheless, it does not here appear that because the court made use of the presentence investigation in disposing of the second complaint, the plaintiff suffered manifest wrong or injury, R.R. 1:5-1(a), because, exercising our power of original jurisdiction, R.R. 1:5-4 and R.R. 2:5, we hold the complaint to be insufficient on its face.
The allegations are that the trial court failed to impose sentence within a reasonable time as required by R.R. 3:7-10(c) and that the plaintiff was prejudiced in that (a) because he was detained in the Essex County Jail instead of State Prison, he lost such commutation or remission of his sentence as is there allowed for orderly deportment and faithful performance of duties, and (b) the comforts and freedom afforded in the county jail were not commensurate with those of the State Prison. This latter ground is so trivial as to merit not even comment.
While credit for good conduct and faithful performance of assigned labor is allowed under the circumstances provided for by N.J.S.A. 30:4-92 and R.S. 30:4-140, the same statutory provisions do not apply for time served in a county jail. Lipschitz v. State of New Jersey, 43 N.J. Super. 522 (App. Div. 1957). Time spent in county jail and the conduct of a prisoner while there are matters for consideration by the sentencing judge in imposing sentence. Because a prisoner may not receive the same credit for confinement in a county jail as if he had been in State Prison, it does not necessarily follow that his rights have thereby been so prejudiced as to entitle him to the issuance of a writ of habeas corpus.
It has consistently been held that R.R. 3:7-10(c) which requires sentencing "without unreasonable delay" is directory and not mandatory. In In re Hardman, 131 N.J.L. 257 (Sup. Ct. 1944), the court said: "The sentencing is an incident and seems procedural or directory rather than mandatory, and the trial court has wide discretionary power *585 in performing that duty." To the same effect is State v. Anderson, 12 N.J. 461 (1953) and State v. Benes, 16 N.J. 389 (1954). Moreover, not only does the record fail to disclose that the plaintiff after conviction ever requested the prompt imposition of sentence, but apparently some of the delay in sentencing was directly chargeable to his attorney's requests for adjournments.
Affirmed.