121 N.J. Super. 457 (1972)
297 A.2d 858
VICTOR TORRES, PLAINTIFF-APPELLANT,
v.
ALBERT WAGNER, DIRECTOR DIVISION OF CORRECTION AND PAROLE, DEPT. OF INSTITUTIONS AND AGENCIES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1972.
Decided December 5, 1972.
*458 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Gerald D. Miller argued the cause for appellant (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
Mrs. Virginia Long Annich, Deputy Assistant Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. G. Robert Wills, Deputy Attorney General, on the brief).
The opinion of the court was delivered by COLLESTER, P.J.A.D.
This is an appeal by Victor Torres, an inmate of the New Jersey State Prison, from a decision of the Division of Correction and Parole which denied his request that time spent by him in the county jail awaiting trial be considered in computing commutation time to be credited against the unserved portion of his sentence. The Division based its decision on N.J.S.A. 30:4-140 and Lipschitz v. State, 43 N.J. Super. 522 (App. Div. 1957).
N.J.S.A. 30:4-140 provides that certain credits against the maximum and minimum term of a sentence imposed upon any person committed to a state correctional institution shall be granted for continuous orderly deportment. The credits are allowed on a progressive or accelerated basis, increasing in direct ratio to the sentence. In case of any flagrant misconduct of the inmate, the board of managers may declare a forfeiture of the time previously remitted, either in whole or in part, as to them shall seem just. The statute specifically provides:
No time credits shall be calculated as provided for herein on time served by any person in custody between his arrest and the imposition of sentence. *459 In Lipschitz v. State, supra, this court rejected the argument that an inmate of the State Prison was entitled to commutation credit for time spent in the county jail and held that a prisoner is entitled to such credits against his sentence only for the period of his confinement in the State Prison.
Appellant contends that the statute violates the equal protection clause of the Fourteenth Amendment because it impermissibly discriminates between a wealthy man and a poor man. He argues that since communtation time credits are not granted until a person is committed to State Prison, a poor man, who is unable to raise bail and is confined to the county jail until his trial and conviction, will spend more time in confinement than the wealthier man who had been released on bail pending sentence.
The constitutional mandate for equal protection does not mean that a statute must reach every class to which it might be applied. The Legislature has wide discretion in the creation and recognition of classes for different treatment. Equal protection does not require that all persons be dealt with identically. If there is a reasonable basis for the recognition of separate classes, and the disparate treatment of the classes has a rational relation to the object sought to be achieved by the Legislature, the equal protection clause is not violated. New Jersey Chap. American Institute of Planners v. New Jersey State Bd. of Prof. Planners, 48 N.J. 581, 601 (1967), app. dism., cert. den. 389 U.S. 8, 88 S.Ct. 70, 19 L.Ed.2d 8. See also McGowan v. Maryland, 366 U.S. 420, 425-426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); State v. Smith, 58 N.J. 202, 207 (1971).
The distinction between persons sentenced to State Prison and those confined to the county jail was fully discussed in Lipschitz v. State, supra. A person held in the county jail while awaiting trial is confined because he has been unable to raise bail or circumstances do not warrant a release on his own recognizance. Such persons are under the custody *460 of either the sheriff, N.J.S.A. 30:8-7, or the board of chosen freeholders, N.J.S.A. 30:8-19.
Persons committed and confined in the State Prison are in the custody of the Principal Keeper, consistent with law and the rules and regulations of the Board of Managers. N.J.S.A. 30:4-6. The granting or forfeiture of commutation credits provided for in N.J.S.A. 30:4-140 requires the exercise of judgment by the State Prison authorities based upon their observation and evaluation of the prisoner's conduct, and they can exercise such judgment only when the prisoner is in their custody at the State Prison.
The penological objective of N.J.S.A. 30:4-140 is to provide an early release to persons sentenced to State Prison, an objective that has no relation to persons confined in the county jail awaiting trial. We think that there is a reasonable basis for the recognition by the Legislature of persons sentenced to State Prison as a class separate and apart from those held in the county jail, and that there is a rational relation to the objective sought to be attained by the statute. We are satisfied and hold that N.J.S.A. 30:4-140 does not violate the equal protection clause of the Fourteenth Amendment. We deem Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), relied upon by appellant to be inapposite.
Affirmed.