HACKENSACK WATER COMPANY, PLAINTIFF-APPEL-
LANT, v. DIVISION OF TAX APPEALS IN THE STATE
DEPARTMENT OF TAXATION AND FINANCE AND
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF
HUDSON, A MUNICIPAL CORPORATION, DEFENDANTS-
RESPONDENTS.

TOWNSHIP OF NORTH BERGEN, PROSECUTOR-RESPOND-
ENT, v. DIVISION OF TAX APPEALS ET AL., DEFEND-
ANTS-APPELLANTS.

Argued April 4, 1949—Decided April 25, 1949.

158

Mr. Joseph Keane (Messrs. Milton, McNulty & Augelli, attorneys) argued the cause for the appellant.

*Mr. Nicholas S. Schloeder* argued the cause for the respondents.

The opinion of the court was delivered by

OLIPHANT, J. This is a tax case. It is an appeal from judgments of the former Supreme Court upon three writs of *certiorari* to review three judgments of the Division of Tax Appeals involving assessments of personal property of the appellant located in the Township of North Bergen for the years 1944, 1945 and 1946. The appeals were heard together.

The property consisted of water mains, hydrants, meters, connections, etc., mostly underground, and comprised but part of the entire water system owned by appellant. For the year 1940 the township assessor had fixed a valuation of $1,500,000 on the identical property here involved and on appeal the former Supreme Court established the value, for assessment purposes, at $940,000, *Hackensack Water Co. v. State Board of Tax Appeals,* 129 *N. J. L.* 535 (*Sup. Ct.* 1948), which was affirmed by the former Court of Errors and Appeals, 130 *Id.* 483 (*E. & A.* 1943). This figure remained until the years here involved.

For 1944 the local assessment was $1,400,000. On the filing of the duplicate by Hudson County Board of Taxation this was reduced, without a hearing having been held, to $940,000. An appeal to the same board, sitting in its appellate capacity, was dismissed for lack of jurisdiction and on appeal to the Division of Tax Appeals the assessment was placed at $1,225,000. This was affirmed by the former Supreme Court.

As to 1945, the township assessment being at the same figure and which the County Tax Board reduced to $940,000; the township appealed directly to the Division of Tax Appeals, thus by-passing the County Board in its appellate capacity. The Division of Tax Appeals dismissed the appeal on procedural grounds holding the statute required a prior appeal to the Hudson County Board of Taxation. *R. S.* 54:3–21, *R. S.* 54:2–39. This action was reversed by the former Supreme Court which fixed the valuation at $1,225,000.

For 1946, from a local assessment of $1,400,000 the Division of Tax Appeals affirmed a valuation of $1,250,000 placed upon the property by the County Board, which was reduced to $1,225,000 by the former Supreme Court.

Appellant contends inasmuch as the former Supreme Court, whose judgment was affirmed by the Court of Errors and Appeals, placed a valuation of $940,000 on this property for the year 1940, and there being no physical change in the property except its increased age, that valuation should remain except for proper depreciation allowances.

While it is desirable that tax litigation should not be prolonged and continued from year to year and should be brought to an end with definiteness, if possible, it is settled that "Each annual assessment of property for taxation is a separate entity, distinct from the assessment of the previous or subsequent year." *United N. J. R. R., etc., Co. v. State Board, etc.,* 101 *N. J. L.* 303 (*Sup. Ct.* 1925) ; *Central R. Co. of N. J. v. State Tax Dept.,* 112 *N. J. L.* 5 (*E. & A.* 1933).

On each assessment the test is does it reflect true value?

A full hearing was had. Both parties relied completely on the testimony of experts, yet appellant's complaint, in short, is that the testimony of the township's witnesses was based entirely on illusory standards and they argue to the effect that reproduction costs, less depreciation or obsolescence, was the controlling element in the case. This is not so, it was merely one of the elements considered.

The constitutional provision, article 4, section 7, paragraph 12 of the 1844 Constitution, as amended in 1875, requires that property should be assessed for taxation at its true value. The statutory criterion (*R. S.* 54:4–23), for determining that value is the consideration of the market value at a fair and *bona fide* sale by private contract. A selling price is a guiding indicium of fair value and ordinarily is merely evidential although it might under peculiar circumstances become controlling, subject to the limitation that the determination properly involved the weighing and appraising of all component factors and adventitious circum-

stances. Depreciation and obsolescence are factors in determing value but each is subject to the countervailing factor of an increase in building costs brought about by economic conditions lessening the value of the dollar. A change in the value of money may result in giving the property a market value which, for a compensating period, disregards allowances for depreciation and obsolescence. True value of property of any kind is in the essence, the value which it has in exchange for money. *L. Bamberger & Co. v. The Division of Tax Appeals,* 1 *N. J.* 151 (*Sup. Ct.* 1948); *North Bergen Township v. Bergen Blvd. Holding Co.,* 133 *N. J. L.* 569 (*E. & A.* 1946). *Cf. N. J. Bell Tel. Co. v. Newark,* 118 *N. J. L.* 490 (*Sup. Ct.* 1937); affirmed, 124 *N. J. L.* 451 (*E. & A.* 1940); *State Board v. Central R. R. Co.,* 48 *N. J. L.* 146, *p.* 311 (*E. & A.* 1886).

■ We are not in accord with the opinion of the Supreme Court wherein it speaks of changed economic conditions justifying *ipso facto* an increase in valuation. This in itself is not a sufficient reason for an increase in valuation any more than a depression would call for a downward revision in accordance with new market conditions thereby created, however temporary. Value for the purposes of taxation has some measure of permanency which renders it secure against general temporary inflation or deflation.

It is not possible to measure with mathematical precision the value of the property here assessed. The market affords no test for such properties as they are rarely the subject of sale, but there are numerous factors stated above, which enter into the calculation of the true value of such property. There was competent and conflicting testimony before the Supreme Court with respect to these elements of true value and the Supreme Court pursuant to its statutory duty, *R. S.* 2:81–8, reviewed the law and the facts and found the true value of the properties in question for the years 1944 and 1946, was $1,225,000.

■ ■ It is a settled rule that findings of fact by the Supreme Court on conflicting evidence, or on uncontroverted evidence reasonably susceptible of conflicting inferences are

conclusive on appeal where such findings of fact are based upon competent evidence. *Jersey City v. State Water Policy Commission,* 118 *N. J. L.* 72 (*E. & A.* 1937); *Dana College v. State Board, etc.,* 117 *Id.* 530 (*E. & A.* 1937); *West Shore R. R. Co. v. Board of Public Utility Commissioners,* 112 *Id.* 83 (*E. & A.* 1934); *Angelotti v. Montclair,* 109 *Id.* 360 (*E. & A.* 1932); *Kohn v. Till,* 103 *Id.* 110 (*E. & A.* 1926); *Yellow Pine Co. v. State Board of Assessors,* 72 *Id.* 182 (*E. & A.* 1905); *Moran v. Jersey City,* 58 *Id.* 653 (*E. & A.* 1896). The findings below as to the years 1944 and 1946, being supported by competent proof, are hereby affirmed.

These causes arose under the old constitution and we find no occasion to apply *Rule* 1:2–20.

The assessment for the year 1945 presents a different problem.

As heretofore stated the respondent township did not appeal this assessment to the County Tax Board, in its appellate capacity, but did appeal directly to the Division of Tax Appeals. The appeal was filed December 15, 1945.

The right of appeal to the Division of Tax Appeals is purely statutory and the appellant is required to comply with all applicable statutory requirements. *R. S.* 54:4–35 requires an assessor to file his complete assessment list or duplicate on or before January 10th of the year following the assessing date. *R. S.* 54:4–46, 47 requires the County Board of Taxation to examine, revise and correct the assessor's tax list and duplicate, and by virtue of *R. S.* 54:4–55 it must certify to the tax collector the "corrected, revised and completed duplicate * * * on or before April 1st." The assessments levied on the property in the assessor's duplicate are not complete until the County Board certifies the assessor's duplicate to the tax collector. *Middletown Township v. Ivins,* 102 *N. J. L.* 36 (*Sup. Ct.* 1925).

The section of the Tax Act, *R. S.* 54:3–21, permits a taxing district "which may feel discriminated against by the assessed valuation of property" to appeal to the County Board of Taxation on or before August 15th. But a municipality cannot determine if it is discriminated against until after

the assessment is corrected, revised and completed because until then the amount of the assessment is unknown.

It can thus be seen that the purpose of requiring a County Board of Taxation to certify the completed duplicate on or before April 1st is to afford an appellant ample time to prepare and file a petition for appeal with the County Board of Taxation before August 15th, the time limited for filing appeals.

R. S. 54:2–39 authorizes an appellant, dissatisfied with the *judgment* of the County Board, to appeal to the Division of Tax Appeals. This all spells out the progressive theme of the Tax Act and it is clear there can be no appeal except from a *judgment* of the County Board. This is the obvious legislative policy as expressed in the statutes.

But it is contended by respondent that R. S. 54:2–35 gives to the taxing district the right to appeal a local assessment direct to the Division of Tax Appeals. This statute is a general provision while R. S. 54:3–21 and R. S. 54:2–39 are specific. The inclusion of section 54:2–35 in the Revision of 1937 was obviously not intended to modify the specific provisions of sections 54:3–21 and 54:2–39 relating to appeals such as we are here concerned with. We are satisfied this was the legislative intent, which must govern. Moreover, the latter two sections were later in point of time of enactment. The rule is "where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an exception to the general statute." *Ackley v. Norcross*, 122 *N. J. L.* 569 (*Sup. Ct.* 1939); affirmed, 124 *Id.* 133 (*E. & A.* 1940).

Where there are two contradictory provisions in a statute the primary object is to ascertain the legislative design with reasonable certainty. As said by Mr. Justice Heher in speaking for the former Supreme Court in *In re Huyler,* 133 *N. J. L.* 171 (*Sup. Ct.* 1945), "where two irreconcilable statutory provisions on the same subject, separated in point of time of enactment so that the earlier section was by implication repealed by the later, are embodied in a re-

vision of general laws, the re-enactment of the former is deemed an oversight and ineffective. *Lewis' Sutherland Slalulory Construction* (*2d ed.*), §§ 271, 281. This rule yields only to a contrary policy and intent clearly and unmistakably indicated by provisions of the Revision *in pari materia*. Barring such, it is presumed that the intention was to re-enact the last expression of the legislature on the subject."

██ The entire legislative scheme is to provide a review of assessment valuations, on appeal of either the taxpayer or taxing district, first in the County Board, and secondly in the State body. This was the holding of the former Supreme Court in *Kenilworth v. Board of Equalization,* 78 *N. J. L.* 302 (*Sup. Cl.* 1909), in which case the court was construing section 10 of the County Board Act of 1906. This section is the source of *R. S.* 54:2–35 which, as said, respondent contends gave it the right of appeal direct to the Division of Tax Appeals and upon which the court below relied.

There are two unreported former Supreme Court decisions, *Pusey and Jones Co. v. State Board* (*Sup. Ct.* 1921) and *Scott v. Board of Equalization of Taxes* (*Sup. Ct.* 1913), which repudiate the possibility of a direct appeal to the Division of Tax Appeals without an intervening appeal first to the County Board.

If *R. S.* 54:2–35 gave the right of appeal direct to the Division of Tax Appeals then *R. S.* 54:3–21, a later enactment, is a useless piece of legislation, for if there is available to either a taxpayer or a taxing district such a direct review then either party could by-pass the County Board and destroy its function of exercising its appellate capacity and thus nullify the progressive theme of the Tax Act.

██ This leads us to the conclusion that the respondent township had no right of appeal direct to the Division of Tax Appeals; that this tribunal had only jurisdiction to review action by the County Board of Taxation sitting in its appellate capacity; that the judgment of the Supreme Court as to the 1945 assessment must be reversed and that of the

Division of Tax Appeals affirmed. The valuation for that year is therefore $940,000.

Hackensack Water Company cases:

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.

Township of North Bergen case:

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.