39 N.J. Super. 202 (1956)
120 A.2d 783
TOWNSHIP OF MAPLEWOOD IN THE COUNTY OF ESSEX, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
ESSEX COUNTY BOARD OF TAXATION, DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, VILLAGE OF SOUTH ORANGE AND BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF SOUTH ORANGE AND MAPLEWOOD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1956.
Decided February 16, 1956.
*203 Before Judges GOLDMANN, FREUND and CONFORD.
*204 Mr. A. Harrison Cornish, Jr., argued the cause for plaintiff-appellant (Messrs. Osborne, Cornish & Scheck, attorneys).
Mr. Ward J. Herbert argued the cause for defendant-respondent Village of South Orange (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
The Village of South Orange and the Township of Maplewood form a common school district in Essex County. Under L. 1904, c. 153, § 3, there is required to be levied, assessed and collected within the village "such proportion of any moneys appropriated or raised for school purposes within said district as the assessed valuation of said village shall bear to the valuation of the entire district." (Emphasis supplied) For the tax year 1955 the aggregates of assessed valuations reflected by the assessment lists of real and personal property prepared by the several municipal assessors in Essex County and filed with the Essex County Board of Taxation pursuant to N.J.S.A. 54:4-35 were subjected by the county board, in the case of each municipality in the county, to substantial increases applied to the real property totals in varying percentages, by way of equalization at true value in accordance with R.S. 54:3-17, 18 and 19.
The county board of taxation apportioned the respective shares of the common school district expense for the ensuing school year between Maplewood and South Orange on the basis of the equalized rather than the original aggregates of assessed valuation. Since Maplewood's original real estate valuations were found by the county board to be relatively lower in proportion to true value than those of South Orange, it resulted that the apportionment by the county board burdened Maplewood to the extent of $86,344.74 in excess of what would have ensued from an apportionment on the basis of the original assessment aggregates in each of the municipalities. Maplewood, asserting the procedure employed by the county board to have been in error, appealed to the *205 Division of Tax Appeals. That agency affirmed the county board action and hence the present appeal.
The crux of the Maplewood position is that the reference to "assessed valuation" in the controlling 1904 enactment, supra, is unequivocally to the lists filed by the municipal assessors. The argument is supplemented by the contention that the statutory provisions for equalization manifest an affirmative intent that the equalized assessments be used exclusively for "apportionments of county and state taxes, charges or distribution of moneys." R.S. 54:3-19. We are not persuaded that the intention of the legislation is shown to be free from doubt and to be as contended for by Maplewood.
The designation, "assessed valuation," is certainly not, on its face, semantically exclusive of the equalized valuations. The latter are fixed at the true valuations of the properties in consequence of an increase of the assessed valuations by the percentage deemed by the county board requisite to make them correspond to true value. R.S. 54:3-17. They are, thus, "valuations" of the ratables and they may be said, in a sense, to be "assessed" by the county tax board.
It is settled that the original assessment figures do not represent the completed and official assessments. Assessments are not complete until the county board of taxation has certified the duplicate to the tax collector, corrected, revised and completed. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 164, 165 (1949). We are not suggesting that the equalized valuations here in question represent the revised assessments referred to in the Hackensack Water Co. case, supra. Those are assessments corrected on an individual basis which may have the automatic incidental consequence of an inter-municipal equalization on what has been denominated the "individual" rather than the "aggregate" method of equalization. See Borough of Totowa v. Passaic County Board of Taxation, 5 N.J. 454, 463 (1950). For an example of comprehensive county board revision on an "individual" basis see Jersey City v. Division of Tax Appeals, 5 N.J. Super. 375, 378 (App. Div. 1949), affirmed *206 5 N.J. 433 (1950). All of this is to indicate that the phrase, "assessed valuation," can, in different contexts, have different meanings and that in solving the question of interpretation now before us resort must be had to more than externals.
We are not in accord with the argument that the direction in R.S. 54:3-19 that the equalized valuations shall be used for apportionments of county and state taxes, charges or distributions necessarily negates their employment for the purpose here in question. The Legislature there was referring to the kinds of apportionments which regularly are required to be made in all taxing districts (notwithstanding that there are today no longer any state taxes leviable locally on realty). The apportionment presently involved is an unusual incident of the county board's functions, since taxing districts are generally coterminous with school districts. Indeed, there does not seem to be any express statutory direction that the county board shall make this kind of apportionment at all, but neither of the litigants disputes the existence of the jurisdiction by fair implication. It is to be suspected that the legislative hiatus in that regard carries over to R.S. 54:3-19.
We think the rule of statutory construction most sensibly applicable to the question before us is that stated in Valenti v. Board of Review, 4 N.J. 287, 291, 292 (1950):
"* * * The spirit of a statute gives character and meaning to particular terms. The reason of the law, i.e., the motive which led to the making of it, is one of the most certain means of establishing the true sense. Borough of Edgewater v. Corn Products Refining Co., 136 N.J.L. 664 (E. & A. 1948); City Affairs Committee of Jersey City v. [Division of, etc.,] Department of Taxation, 134 N.J.L. 198 (Sup. Ct. 1946); affirmed 134 N.J.L. 614 (E. & A. 1946). It is not `the words of the law, but the internal sense of it that makes the law.' Eyston v. Studd, 2 Plowd. 459 (at p. 465); 75 English Reprint 695. The declared policy is the true key to open the understanding of the statute.
The construction of specific terms must be consistent with the general purpose the law was designed to achieve."
The obvious intent of the 1904 statute was that each of the contending municipalities should bear that proportion *207 of the common school district expense as is represented by the true or actual ratio of the value of the assessed property therein to the value of such property in both. The equalization process is contemplated by the legislature to achieve a closer approach to true ratios, within inevitable practical administrative limitations, than is possible by the use of autonomously fixed local assessment valuations. It is generally designed to serve the purpose of fair distribution of costs and revenues as between municipalities sharing common burdens. Thus, every consideration relevant to "the general purpose the law was designed to achieve" points to the sense and legal propriety of the use of the equalized valuations in the present case. Serving a cognate general legislative policy are the State School Aid Act of 1954 (L. 1954, c. 85) and its companion, L. 1954, c. 86. A basic feature of this legislation is a substantial increase in state aid to local school districts on a revised basis including a correlation of need for aid with equalized aggregate valuations of assessed property in each school district. The equalizations are made by the State Director of the Division of Taxation on a basis theoretically the same as that used by the county boards of taxation. L. 1954, c. 86, § 2. See City of Passaic v. Passaic County Board of Taxation, 18 N.J. 371, 384, 385 (1955).
We conclude that, in principle, the action of the county board was correct. It appears, however, that in a separate and distinct appeal to the Division of Tax Appeals from the 1955 county board equalization table certain changes were effected in the equalized aggregates. The parties hereto have stipulated that the changes ordered by the Division's corrected equalization table require a credit in favor of Maplewood in the sum of $14,975.74 which can be conveniently effectuated by the county board in the course of apportionment of school district taxes for the year 1956. We concur.
The judgment of the Division of Tax Appeals is modified to the extent herein indicated. Mandate to issue conformably with this opinion. No costs.