52 N.J. Super. 63 (1958)
144 A.2d 801
TOWNSHIP OF DELAWARE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
AARON K. NEELD, DIRECTOR, DIVISION OF TAXATION IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, AND THE DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1958.
Decided September 24, 1958.
*64 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Warren C. Douglass argued the cause for appellant.
Mr. David M. Satz, Jr., Deputy Attorney General, argued the cause for respondents (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff township appeals from the refusal of the Division of Tax Appeals, Department of the Treasury, to accept and hear its appeal contesting the correctness of the 1957 table of equalized valuations promulgated by the Director of the Division of Taxation under the provisions of N.J.S.A. 54:1-35.1, to be used in the calculation and apportionment of state school aid for the school year 1958-59 under the State School Aid Act of 1954 (c. 85, N.J.S.A. 18:10-29.30 et seq.). The refusal was based *65 on lack of jurisdiction to consider the appeal because of its untimeliness.
N.J.S.A. 54:1-35.1 provides that the Director of the Division of Taxation, Department of the Treasury, shall promulgate a table of equalized valuations on or before October 1 in each year. The table is "deemed to have been promulgated on the day when the director shall have completed the delivery of a certified copy thereof to the Commissioner of Education and the mailing of a certified copy thereof to the municipal clerk of each municipality, and to the secretary of each county board of taxation." N.J.S.A. 54:1-35.4 authorizes the Division of Tax Appeals to review the table "on complaint of any taxing district made within 10 days after its promulgation, or on its own motion, * * *." Rule VII (G) of the Division of Tax Appeals directs that appeals taken pursuant to N.J.S.A. 54:1-35.4 "shall be instituted by complaint filed by a taxing district within ten days after the promulgation of such table. * * *" (Italics ours.)
The undisputed proof is that the 1957 table of equalized valuations was promulgated on September 30, 1957, to be effective October 1, 1957, by serving a certified copy on the Commissioner of Education, mailing one to the municipal clerk of each municipality, and delivering a copy to the secretary of each county board of taxation. In the case of plaintiff township, a certified copy was mailed to Mrs. Margaret Wermuth, Municipal Clerk of Delaware Township, at Erlton, New Jersey, the official post office address for the township. Just what happened to the copy mailed her does not appear. The municipality does not deny that she received it. Although other township officials filed affidavits, Mrs. Wermuth did not, so that we have no record of what she may have done with it.
The affidavit of Edward F. Borden, a member of the township board of assessors, recites that a copy of the equalization table was mailed to him at his home address and came to his attention for the first time on October 9, 1957. He does not indicate who mailed it to him. He *66 alleges that he was not familiar with the procedure to be taken but assumed that a copy had been delivered to Harry F. Cameron, secretary of the board of assessors, who would take any necessary action. Borden did not communicate the fact that he had received the table until 4:30 P.M. Friday, October 11, when he phoned Township Attorney Yeomans. Yeomans' affidavit confirms the phone call and recites that he immediately prepared a petition of appeal and instructed his secretary to mail it by certified mail to the Division of Tax Appeals in Trenton. Her affidavit, in turn, states that she deposited the petition in the Camden Post Office that same afternoon at 5:15. We also have before us the affidavit of Cameron, the secretary of the local board of assessors, alleging that he never received a copy of the 1957 table and that this was "contrary to what has always been done in the past. In past years all communications have always been sent to me as Secretary of the Board of Tax Assessors." This statement, of course, lacks clarity; we do not know whether Cameron meant that the State normally sent him a copy of the table direct or that the municipal clerk forwarded a copy to him.
Concurrently with the mailing and delivery of the table of equalized valuations to each municipal clerk and county tax board secretary, the Division of Taxation mailed to the assessors' office in each municipality, under separate cover, copies of the lists of usable and non-usable sales transactions it had employed in determining the assessment ratio and equalized valuation of that district. The transmittal letter which accompanied the mailing of the table to each municipal clerk and county tax board secretary, and the mailing of the lists to each assessors' office, particularly noted in three separate places the importance of a timely appeal. It stated:
"* * * Any taxing district desiring to appeal from the Table is required by statute to file its petition with the Division of Tax Appeals on or before October 11, 1957 (N.J.S.A. 54:1-35.4). Failure to file a petition of appeal within the specified time is fatal to the jurisdiction of the Division. * * *

* * * * * * * *
*67 * * * The Division of Tax Appeals acquires jurisdiction only by an appeal timely filed with it. If you feel that the assessment ratio or equalized valuation set forth in the Table for your district was incorrectly determined, it is of utmost importance that a petition of appeal be filed with the Division of Tax Appeals on or before October 11, 1957 so that the interests of your district may be adequately protected.
* * * [T]he Division of Taxation will cooperate in every way possible, provided, of course, you protect the interests of your district by timely appeal."
The Division of Tax Appeals received plaintiff township's appeal through the mail at Trenton on Monday, October 14, 1957. It was returned because filed out of time, the township attorney being informed that the Division was without jurisdiction to hear the matter in the circumstances.
Plaintiff contends that the date of promulgation of the equalization table was October 1, 1957. The State so concedes in light of the letter of transmittal accompanying the table, and proceeds on the premise that the promulgation should not be considered effective earlier than the date intended by the Director, October 1. The narrow issue, therefore, is whether the statutory language contained in N.J.S.A. 54:1-35.4 implies, and the express language of Rule VII (G) of the Division of Tax Appeals adopted in the light of the statute requires, that an appeal taken by a municipality seeking a review of the equalization table must have been filed with the Division of Tax Appeals within ten days after the adoption of the table, in this case by October 11, 1957, or whether the complaint may have been mailed on October 11, 1957 and received at a later date. The Division contends that an appeal is "made" only when filed with it. so that it was without jurisdiction to hear plaintiff's appeal in the circumstances here present. Plaintiff argues that an appeal is "made" when the complaint is mailed. There is no direct authority on the point at issue.
In our view, N.J.S.A. 54:1-35.4 requires that the complaint or appeal be filed with or received by the Division of Tax Appeals within ten days after promulgation of the equalization table, and not later.
*68 Fundamental to statutory construction is the principle that the language of the statute must be given its plain meaning and common usage; the language must be read as a whole to arrive at its significant meaning, and an isolated word or term cannot be invoked to defeat a reasonable and fair construction. Giles v. Gassert, 23 N.J. 22, 33-34 (1956). N.J.S.A. 54:1-35.4 provides for a review by the Division of Tax Appeals "on complaint * * * made within 10 days" after promulgation of the equalization table. This contemplates completion of the prescribed act within the specified period. The township argues that the complaint can be made (here, mailed) within the period limited, but need not be received by the Division of Tax Appeals before the expiration of the tenth day.
We must read N.J.S.A. 54:1-35.4 in its full significance. If a complaint is made by a municipality, it is made to the Division of Tax Appeals, and for a designated purpose. The Legislature has directed that it be "made within" ten days. We hold this means completion of the appeal, in the sense of the complaint being delivered to or filed with the Division of Tax Appeals within the designated period, as distinguished from merely starting the complaint on its way. Suppose, as an extreme example, that the complaint mailed by the township attorney in this case had been lost in the mails and finally delivered months later, after January 10th next following, the date fixed by N.J.S.A. 54:1-35.4 for the completion of hearings, review and revisions by the Division. Were plaintiff's contention to prevail, the entire administrative procedure set up for orderly review of the equalization table originally promulgated by the Director of the Division of Taxation would be destroyed.
Absent a specified method by which a complaint or appeal may be "made" or "taken" within a specified period of time, some type of notice must be effected by the receipt or filing of a document communicating to the reviewing authority that relief is being sought. Only when a statute specifically constitutes an appeal or complaint as "made" at one time, although received at another, should plaintiff's contention *69 prevail. Thus, as plaintiff points out in its brief, the rules of court spell out in specific instances when notice is timely if mailed on a specific date. See, for example, R.R. 4:5-2, 4:29-2, 4:83-7, 4:97(a), 4:106-3(a), 4:110-3. The same is true with statutory appeals; for example, N.J.S.A. 43:21-6; Borgia v. Board of Review, 21 N.J. Super. 462 (App. Div. 1952); Kaske v. State, 34 N.J. Super. 222 (App. Div. 1955).
As noted, there is no New Jersey case which specifically bears on the point in question. "Made" has been held to mean "filed." Eggermont v. Service Life Ins. Co. of Omaha, 237 Iowa 301, 21 N.W.2d 761 (Sup. Ct. 1946); Peavy v. Peavy, 167 Ga. 219, 145 S.E. 55 (Sup. Ct. 1928); Dungan v. Superior Court of Fresno County, 149 Cal. 98, 84 P. 767 (Sup. Ct. 1906), interpreting the specific language of the rule or statute under consideration, but not involving mailing, as here. St. Louis Law Printing Co. v. Aufderheide, 226 Mo. App. 680, 45 S.W.2d 543 (Ct. App. 1932), concerned a motion for a new trial mailed within the proper time but received late. The court held that to be "made" within time, the motion must be received by the court within the period limited.
Reference to R.R. 1:3-1 is of some interest here. In setting the time limits for an appeal the rule declares that certain appeals "shall be taken" within certain respective specified periods. A number of cases consider "filed" as the equivalent of the word "taken," e.g., Borough of Neptune City v. Mestice, 31 N.J. Super. 6 (App. Div. 1954), but none involves the point here at issue  mailing. Jenkins v. Devine Foods, Inc., 3 N.J. 450 (1950), comes closer to deciding the question. There judgment was entered on June 27, 1949, and notice of appeal was filed August 1 following. Appellant, however, had neglected to make demand upon the stenographic reporter for copies of the transcript. Following such demand, he on the same day prepared an amended notice of appeal. Defendant received acknowledgment of service of the latter on August 11 and mailed the notice to the clerk's office where it was received and filed on *70 August 12, one day later than the 45-day limit allowed for appeals. The court held that the rule requiring appellant to make demand for a transcript on or before filing notice of appeal was relaxable, and in the circumstances held that the notice filed August 1 was in time. The amended notice having been mailed August 11, it is clear that it was mailed just within the time limit though received subsequent thereto by the clerk. That the court felt compelled to relax the rule to hold the appeal timely indicates its belief that the filing date is the critical time.
The principle that a reasonable construction of a statute by the administrative agency charged with its execution is entitled to considerable weight and presumed to be correct, favors defendant's point of view. Lane v. Holderman, 23 N.J. 304, 322 (1957); Schultz v. Wilson, 44 N.J. Super. 591, 605 (App. Div. 1957), certification denied 24 N.J. 546 (1957); Kaske v. State, above, 34 N.J. Super. at page 225. We note that plaintiff makes no attack on the formal validity of Rule VII(G) of the Division of Tax Appeals calling for filing within ten days after promulgation of the equalization table. We consider the agency rule a fair interpretation of the statutory provision.
Appeal dismissed.