APEX TRUCKING, VAN MUNCHING, PIERRE CARDIN C/O HARTZ MOUNTAIN, PLAINTIFFS, v. TOWN OF SECAUCUS, DEFENDANT.

Tax Court of New Jersey

July 17, 1980.

*John E. Garippa* for plaintiffs.

*Leo Rosenblum* for defendant (*Rosenblum & Rosenblum*).

CRABTREE, J. T. C.

This is a local property tax case wherein plaintiffs seek review of judgments of the Hudson County Board of Taxation affirming the assessment with respect to property located at 120

Seaview Drive, Secaucus, New Jersey (Block 8, Lot 2–4) for the tax years 1976 through 1979. The assessment for all years was as follows:

| | |
|---|---|
| Land | $1,319,600 |
| Improvements | 3,387,300 |
| Total | $4,706,900 |

The land consists of 13.196 acres, upon which a warehouse and distribution center containing 281,165 square feet has been constructed. Plaintiffs occupy the property pursuant to 3 long–term net leases, all containing CPI [1]–based rental adjustments. The neighborhood consists of 400 acres of land upon which Hartz Mountain Associates has constructed some nine million square feet of buildings devoted to light industrial uses. The appraisal experts for both parties agree–and I so find–that the subject property is located in a prime commercial and industrial area.

The highest and best use of the subject property is its present use as a warehouse and distribution center.

At issue are the true value of the subject property and whether the assessment is discriminatory.

## VALUATION

The respective contentions of the parties' experts and the approaches and analytical tools used by them are as set forth in the following tables:

| | Plaintiff | Defendant |
|---|---|---|
| True Value | $4,200,000 | $5,753,000 |
| Approaches to value | Income, market & reproduction cost | Income and market |
| Approach principally relied upon | Income | Income |
| Capitalization technique | Band of Investment | Building residual |
| Overall capitalization rate * | 11.6% | 9.54% |

[1]Consumer Price Index

*Both experts ignored the tax rate, as the property was subject to a net lease.

|                         | Plaintiff     | Defendant       |
|-------------------------|---------------|-----------------|
| Economic rent           | $2/sq. ft.    | $2.25/sq. ft    |
| Effective gross income  | $545,460      | $616,751        |
| Vacancy and loss factor | 3%            | 2.5%            |
| Effective net income    | $487,800      | $548,910        |

As in the case of *Apparel Buying Associates v. Secaucus*, Docket No. L–6229–76, *et al.*, heard during the same week as the instant case, the most significant difference between the experts is in their determinations of economic rent.

I find the testimony and appraisal of defendant's expert to be more persuasive on the issue of economic rent. His conclusion is based upon his own intimate experience with the Hartz Mountain community, his analysis of the 3 long term leases on the subject property and upon 4 comparable leases of industrial properties, with respect to which he made adjustments for square footage, time and lease terms. I give great weight to the opinion of the defendant's expert, as I am impressed not only with his candor, intelligence, knowledge and experience but also with the facts and reasoning which form the foundation of his opinion. *Passaic v. Gera Mills*, 55 *N.J.Super.* 73, 150 *A.2d* 67 (App.Div.1959), certif. denied 30 *N.J.* 153, 152 *A.2d* 171 (1959); *County of Ocean v. Landolfo*, 132 *N.J.Super.* 523, 334 *A.2d* 360 (App.Div.1975).

Accordingly, I find the economic rent for all years in issue to be $2.25 per square foot. The methodology employed by the defendant's expert in stabilizing economic rent for all 4 years supports the laudable policy of assessment stability. See *Hackensack Water Co. v. Division of Tax Appeals*, 2 *N.J.* 157, 163, 65 *A.2d* 828 (1949); *New Brunswick v. Division of Tax Appeals*, 39

*N.J.* 537, 541, 189 *A.*2d 702 (1963); *Feder v. City of Passaic,* 105 *N.J.Super.* 157, 162, 251 *A.*2d 457 (1969).

■ With the exception of economic rent, I accept all the components of the calculation submitted by the plaintiff's expert in determining true value of the subject property by the income approach. His vacancy allowance lies within the zone of reasonableness and his postulated expenses appear consistent with actual expenses incurred by owners of similar high–grade properties occupied under long–term net leases. His band of investment capitalization and the constituent parts thereof reflect the demands of the marketplace and the sophisticated investor's insistence upon the use of leverage in the acquisition of property similar in kind and quality to the subject property.

In view of the foregoing I find the true value of the subject property for all years under review to be $4,745,207, calculated under the income approach in the following manner:

| | | |
|---|---|---|
| 281,140 sq. ft. @$2.25 | $632,565 | |
| Vacancy and collection loss – – 3% | 18,977 | |
| Effective gross income | | $613,588 |
| Less: | | |
| Brokerage commission (5%) | $30,679 | |
| Maintenance and reserve ($0.05/SF) | 14,057 | |
| Management (3%) | 18,408 | |
| | | 63,144 |
| Effective net income | | $550,444 |
| Net income capitalized at 11.6% | | |
| True Value | | $4,745,207 |

## DISCRIMINATION

### A. 1976–1977

■ It is well settled in this State that where a taxpayer's realty is assessed at a ratio to true value substantially higher than the common level generally applied to other properties, or, in the absence of a common level, substantially higher than the average ratio determined by the State Director of the Division

of Taxation, then such taxpayer is ordinarily entitled to discrimination relief. *Piscataway Assoc., Inc. v. Piscataway*, 73 *N.J.* 546, 376 *A.*2d 527 (1977); *Feder v. City of Passaic*, 105 *N.J.Super.* 157, 251 *A.*2d 457 (App.Div.1969). The use of "substantial" as a criterion affords the fact finder a certain flexibility. *Piscataway Assoc., Inc. v. Piscataway, supra* at 544, n. 2, 376 *A.*2d 527.

■ The subject property is assessed at 99.19% of its true value as hereinabove determined. The general average ratios for the defendant municipality for 1976 and 1977 are 107.59% and 107.74% respectively. The general coefficients of deviation, set forth in studies published by the Director of the Division of Taxation, were 16.07% and 14.42% for those years, indicating acceptable assessment dispersion and reasonable assessing practices. Finally, the Director's ratio studies indicate that 70% of 1976 sales (24 of 34) were clustered between 80% and 109%, while 77% of 1977 sales (57 of 74) were found in the same ratio clusters. This indicates the existence of a common level in the vicinity of 100% for 1976 and 1977.

Bearing in mind that mathematical perfection in taxation is unattainable, *In re Appeal of Kents, 2124 Atlantic Ave., Inc.*, 34 *N.J.* 21, 32, 166 *A.*2d 763 (1961), and that the appraisal of real property is not an exact science, *American Institute of Real Estate Appraisers, The Appraisal of Real Estate* 1 (7th Ed. 1978), I find that the subject property has not been assessed substantially in excess of the common level generally applied to other properties in the taxing district.

Discrimination relief is not warranted for 1976 or 1977.

### B. 1978–1979

■ Discrimination relief from the assessment on the subject property is not warranted for 1978 and 1979. *N.J.S.A.* 54:2–40.-4, effective for 1978 and later years, provides in pertinent part:

"Whenever the (Tax Court) is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall revise the taxable value of the property by applying the average ratio to the true value of the property ..."

The "common level range", as defined in *N.J.S.A.* 54:1–35a, is "that range which is plus or minus 15% of the average ratio for that District." The average ratio, certified by the Director of the Division of Taxation according to the statute, is 99% for 1978 and 109% for 1979. The common level range, also certified, is 85% (lower) and 114% (upper) for 1978 and 92% (lower) and 126% (upper) for 1979.

The ratio of the assessment of the subject property to its true value as hereinabove determined is 99.19%. As this lies well within the common level range for both 1978 and 1979, I find that the plaintiffs are entitled to no discrimination relief for either of those years.

The Clerk of the Tax Court is directed to enter judgments affirming the judgments of the Hudson County Board of Taxation for all years under review.