CITY OF SALEM, PLAINTIFF, v. SALEM COUNTY BOARD OF TAXATION, DEFENDANT.

Tax Court of New Jersey

August 29, 1980.

*G. Thomas Bowen* for plaintiff.

*John J. Degnan,* Atty. Gen., State of New Jersey, *Harry Haushalter,* Deputy Atty. Gen., for defendant.

LARIO, J. T. C.

Respondent has moved to dismiss the complaint filed by the City of Salem challenging the 1979 Salem County Table of Equalized Values on the ground that said complaint was filed beyond the 45 day statute of limitations provided by *N.J.S.A.* 2A:3A–4.1 b (3) and *R.* 8:4–1 (a) (1).

I find the facts to be as follows:

The Salem County Board of Taxation, pursuant to *N.J.S.A.* 54:3–17 to 19, adopted the final 1979 Salem County Equalization Table on March 22, 1979. The City of Salem, pursuant to *N.J.S.A.* 54:2–37, filed with the Tax Court of New Jersey on November 14, 1979 a complaint challenging the equalization ratio assigned to it and appearing in the table.

County Boards of Taxation are mandated by the legislature to complete their annual Equalization Tables by March 10th. *N.J. S.A.* 54:3–18. Obviously, the legislature's purpose for this requirement is to give notice to the various municipalities of their respective county tax rate prior to their annual budget hearings and the adoption of their budgets, which must be finalized not later than the 19th day after the beginning of each budget year. *N.J.S.A.* 54:4–42.

The legislature granted to municipalities the right to review County Equalization Tables by an appeal to this court, *N.J.S.A.* 54:2–37. Nevertheless, it recognized the urgency for a quick resolution of all equalization appeals by providing that the time period within which a complaint may be filed in the Tax Court for the Review of the Table to be "within 45 days of the

adoption or promulgation of the Equalization Table to be reviewed." *N.J.S.A.* 2A:3A–4.1 b (3).

Pursuant thereto *R.* 8:4–1 (a) was promulgated which sets forth: "Complaints seeking to review ... a County Equalization Table, .... shall be filed within 45 days after the adoption or promulgation of the table to be reviewed."

The policy for requiring strict compliance with time limitations for instituting legal actions is well established and relates to the importance of providing some point at which decisions become final and litigations come to an end. *In re Pfizer,* 6 *N.J.* 233, 239, 78 *A.2d* 80 (1951); *Leake v. Bullock,* 104 *N.J.Super.* 309, 313, 250 *A.2d* 27 (App.Div. 1969). Our appellate courts have consistently held that this policy is particularly applicable to tax laws, which generically require that tax determinations be subject to review in a mandatory manner in strict conformity with statutory time limitations. *Clairol, Inc. v. Kingsley,* 109 *N.J. Super.* 22, 262 *A.2d* 213 (App.Div. 1970), aff'd o. b. 57 *N.J.* 199, 270 *A.2d* 702 (1970), appeal dismissed 402 *U.S.* 902, 92 *S.Ct.* 1377, 28 *L.Ed.2d* 643 (1971); *City of Newark v. Fischer,* 3 *N.J.* 488, 492, 493, 70 *A.2d* 733 (1950); *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N.J.* 157, 164, 165, 65 *A.2d* 828 (1949); *Danis v. Middlesex County Board of Taxation,* 113 *N.J.Super.* 6, 10, 272 *A.2d* 542 (App.Div. 1971); *Delaware Twp. v. Neeld,* 52 *N.J.Super.* 63, 68, 144 *A.2d* 801 (App.Div. 1958).

This court has similarly established the importance of requiring adherence to statutes setting forth filing deadlines as a jurisdictional prerequisite to having tax matters heard. *Horrobin v. Director, Div. of Taxation,* 1 *N.J.Tax* 213, 172 *N.J.Super.* 173, 411 *A.2d* 479 (Tax Ct. 1979); *Prospect Hill Apts. v. Boro. of Flemington,* 1 *N.J.Tax* 224, 172 *N.J.Super.* 245, 411 *A.2d* 224 (Tax Ct. 1979).

The importance of time limitations as applied to County Equalization Tables is readily apparent. After the Equalization Table has been adopted, any change therein by reason of an appeal by any municipality more than likely would affect the tax rates of all other municipalities; by reason thereof, it is extremely important that each municipality know as soon as

possible its correct county tax ratio. It therefore, has the right to be notified that a legal challenge has been made to the County Table so that each may be in a position to examine the merits of any appeal filed and to provide for any anticipated increase in the event the appellant is successful.

The legislature further understood the need of providing some point at which the Table is to become final by adding in *N.J.S.A.* 54:2–37, "The tax court may make all orders necessary to carry out the provisions of this section, but such review shall be completed before September tenth, annually."

It is clear that the policy of strict application of the statute of limitations, to the filing with this court of other types of tax appeals hereinabove referred to, applies equally as well to appeals from County Equalization Tables. Since the filing of plaintiff's appeal to review the Salem County Equalization Table for 1979 is beyond the 45 day limitation provided by *N.J.S.A.* 2A:3A–4.1 b (3) and *R.* 8:4–1 (a) (1), defendant's motion to dismiss plaintiff's complaint is granted.

Judgment will be entered accordingly.