LARIO, J. T. C.
Defendant taxpayer has moved for summary judgment to dismiss the complaint filed by Bass River Township appealing a judgment entered by the Burlington County Board of Taxation on the basis that the complaint filed with this court was filed out of time.
*179 The material facts which have not been refuted are as follows:
Defendant is the owner of a residential property located on Block 69, Lot 20, which was assessed for the tax year 1980 at: Land — $47,100; Improvements — $46,600; Total — $93,700. On appeal to the county board the assessment was reduced by judgment dated October 1, 1980 to: Land — $4,600; Improvements — $46,600; Total — $51,200. Copies of the judgments were mailed to both parties and they were received by each on October 28, 1980.
The municipality decided to appeal from the aforesaid county board judgment. It mailed its appeal complaint to the clerk of this court on December 24,1980, and it was received and marked “filed” by the clerk’s office on December 29, 1980.
Defendant’s motion for summary judgment is based upon the time limitation contained in N.J.S.A. 54:2-39, which in relevant part, provides:
Any party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court by filing a complaint with the Tax Court pursuant to rules of court within 45 days oí the service of the judgment of the county board, and the Tax Court shall hear and determine such matters and render its judgment thereon.... [Emphasis supplied]
Pursuant to the aforesaid statute, this court adopted R. 8:4-1(a)(2), which also sets forth a 45-day time limitation to file an appeal under this statute.
Defendant urges that the 45-day period of limitation began to run from October 28, 1980 and that the period within which to file expired on December 12, 1980.
Plaintiff submitted affidavits which have been unrefuted and which basically state that Bass River Township is a small municipality with a part-time assessor, a part-time clerk and a part-time board of commissioners who select one of its members to serve as mayor. It also has an inadequate municipal building which does not contain an office for any of the aforesaid officials. After receipt by the municipality of the county board judgment on October 28, 1980, several weeks elapsed before the *180 assessor reviewed the decision and submitted it to the board of commissioners along with his recommendation to file an appeal. Several more weeks elapsed before the commissioners reviewed the county board judgment and recommendation and adopted the resolution necessary to file an appeal, which it forwarded to the township’s attorney to file the appeal complaint. Nearly all municipal employees are part-time employees, who do not work many hours and do not keep regular hours during any given week.
Based on the above facts plaintiff contends:
Consequently, the review and process papers relating to municipal business proceeds at a slower rate when compared to government offices in more populated and industrialized communities. As a particular consequence, the actions necessary for the filing of this complaint were similarly affected by the comparatively minimal and irregular hours of the Bass River Township government.
The township’s solicitor states that he was requested to file this complaint during the third week of December 1980.
The 45-day period for appeal, as set forth in N.J.S.A. 54:2-39, supra, expired on December 12, 1980. Filing of an appeal is not completed until it is received and filed in the office of the clerk of the Tax Court. Danis v. Middlesex, 113 N.J.Super. 6, 272 A.2d 542 (App.Div.1971); Prospect Hills Apt’s v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979). Since the complaint was filed in the clerk’s office on December 29, 1980, more than 45 days after the county board’s judgment was received by plaintiff, it was filed out of time.
The issue before this court is whether under the facts and circumstances surrounding this appeal the court may relax the rule and statute in question and extend the time for filing from December 12 to December 29, 1980.
Defendant argues that this court has no discretion to relax the 45-day filing deadline since the basis of this court’s jurisdiction is not only its rule but also N.J.S.A. 54:2-39, supra. Therefore, since it is a statutory requirement, it may not be relaxed.
*181 Both parties, in support of their respective positions, rely upon the recent decision of this court, Prospect Hills Apt's v. Fleming-ton, supra. Plaintiff urges that this court there held that jurisdictional statutes of limitations may be tolled by courts in appropriate circumstances, and that the circumstances in this case so warrant. Plaintiff contends that since the Legislature amended the appeal deadline from December 15 to “45 days after service,” that the 45-day limitation period is now “general in nature” and that “N.J.S.A. 54:2-39, supra specifically provides that the 45-day filing deadline is to be administered [by this court] ‘pursuant to rules of court’, which rules would include R. 1:1 — 2 allowing for relaxation of deadlines in the interest of justice.”
Plaintiff’s interpretation of Prospect Hills, supra, and of the statute in this regard is incorrect. The time limitation of December 15, as set forth in N.J.S.A. 54:2-39, prior to its amendment in 1979, applied to appeals from an administrative body (county board of taxation) to another administrative body (Division of Tax Appeals). When the Tax Court was created and the duties of the Division of Tax Appeals were transferred to this court,[1] the time limitation for appeals from judgments of the county board to the Tax Court was changed to a period of 45 days.[2] The legislative purpose for this change was an attempt to have uniformity of the time limitation for appeals from state administrative agencies to the court, which is generally 45 days. R. 2:4-l(b).
The time limitation of 45 days, as set forth in N.J.S.A. 54:2-39, supra, is definite and is a period that is exactly ascertainable. It is not general in nature, as proposed by plaintiff, but instead it is specific.
Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no *182 room for judicial construction. White v. Tax Appeals Bd., 123 N.J.L. 350, 8 A.2d 819 (Sup.Ct.1939). Since the statutory language in N.J.S.A. 54:2-39 prescribing the time for appeal is clear, definite and unambiguous, it may not be relaxed or dispensed with pursuant to R. 1:1-2.
Plaintiff further urges that both Prospect Hills, supra, and Cherry Hill Tp. v. U.S. Life, 176 N.J.Super. 254, 1 N.J.Tax 236, 422 A.2d 810 (Tax Ct.1980), stand for the proposition that, where the facts so warrant, in the interest of justice this court has the discretionary power to toll a statute of limitations and permit the filing of a late appeal and that the delay in the instant case was excusable under the circumstances.
This court is not unsympathetic to the problems of Bass River Township, as detailed in its mayor’s affidavit; however, this court is bound by an express statutory time limit for appeals. The legislative policy is “that proceedings involving assessment of taxes and governmental fiscal matters be brought promptly within the specified periods of time.” Suburban Dep’t Stores v. East Orange, 47 N.J.Super. 472, 480, 136 A.2d 280 (App.Div.1958); Cleff Realty Co. v. Jersey City, 41 N.J.Super. 465, 125 A.2d 423 (App.Div.1956).
The rule requiring strict compliance with time limitations contained in statutes dealing with tax matters has been long and well established in our courts.
Our appellate courts have consistently held that this policy is particularly applicable to tax laws, which generally require that tax determinations be subject to review in a mandatory manner in strict conformity with statutory time limitations. Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.1970), aff’d o. b. 57 N.J. 199, 270 A.2d 702 (1970), app. dism. 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971); Newark v. Fischer, 3 N.J. 488, 492, 493, 70 A.2d 733 (1950); Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 164, 165, 65 A.2d 828 (1949); Danis v. Middlesex Cty. Tax Bd., 113 N.J.Super. 6, 10, 272 A.2d 542 (App.Div.1971); Delaware Tp. v. Neeld, 52 N.J.Super. 63, 68, 144 A.2d 801 (App.Div.1958). [Salem City v. Salem Cty. Tax. Bd., 1 N.J.Tax 462 (Tax Ct.1980)].
If, by reason of the problems encountered by small rural municipalities as outlined herein, more time is required by parties to file appeals, this extension can only be granted by the Legislature.
*183 Where appeals have not been filed with this court within the time limit set forth in the statutes, this court lacks jurisdiction to hear them. Horrobin v. Director, 1 N.J.Tax 213 (Tax Ct.1979); Prospect Hills, supra; Salem City, supra; Galloway Twp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1981).
Since plaintiff’s appeal was filed more than 45 days after its receipt of the county board’s judgment, this court lacks jurisdiction to hear this appeal. Defendant’s motion for summary judgment dismissing plaintiff’s appeal is granted.

N.J.S.A. 2A:3A-26.

L. 1979, c. 114, § 6, eff. July 1979.