CRABTREE, J. T. C.
Plaintiff seeks a refund of all payroll taxes paid to defendant from the inception of the Newark payroll tax in 1971 to and including the fourth quarter of 1979, claiming exemption therefrom as a nonprofit cemetery association.
The issues in this case are (1) the court’s jurisdiction and (2) whether plaintiff is entitled to exemption by virtue of N.J.S.A. 8A:5-10 or N.J.S.A. 40:48C-41.
The facts, all of which are stipulated pursuant to R. 8:8-l(b), are as follows.
Plaintiff is a nonprofit association exclusively engaged in the operation of a cemetery. It was organized by special legislation enacted February 9, 1855. Defendant adopted a payroll tax ordinance in February 1971 pursuant to N.J.S.A. 40:48C-14, et seq. That ordinance, consistent with the requirements of the enabling legislation, imposed a 1% tax on each covered employer’s payroll, called for the filing of reports and the payment of tax on a quarterly basis, designated the Director of Finance to receive the reports and collect the tax, provided for penalties for late payment and, except for the years 1975 and 1976, permitted no exemption for nonprofit religious, educational or charitable organizations.
Plaintiff paid the payroll tax under protest in 1971. On June 23,1971 defendant’s Director of Finance advised plaintiff that it was not exempt. In 1972 plaintiff renewed its objection to payment of the tax on the ground that the revised New Jersey Cemetery Act, adopted on December 1,1971, exempted cemetery *373 companies. On July 7,1972 defendant denied plaintiff’s claim to exemption, concluding that N.J.S.A. 8A:5 10 was not applicable. On September 28, 1977 plaintiff’s counsel wrote to defendant’s Director of Finance pointing out the alleged applicability of N.J.S.A. 40:48C-17 and N.J.S.A. 40:480 41. On November 9, 1977 counsel wrote to defendant’s tax collector requesting further consideration of plaintiff’s exemption claims. Plaintiff received no response to these two 1977 inquiries.
For all quarters of the year 1971 through the fourth quarter of 1979 plaintiff paid defendant a total of $13,887.63 in payroll taxes.
Plaintiff’s petition seeking a determination of exemption was filed with the Division of Tax Appeals on August 17, 1978.
The first issue to be resolved is the extent of this court’s jurisdiction. The starting point in this inquiry is N.J.S.A. 40:48C-38, which provides:
Any aggrieved taxpayer may, within 3 months after any decision, order, finding, assessment or action of the chief fiscal officer of any municipality adopting an ordinance hereunder, appeal to the Division of Tax Appeals by filing a petition of appeal with said division in the manner and form prescribed by the said division and upon payment of the amount stated by said chief fiscal officer to be due. The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the chief fiscal officer in respect of the determination of a liability for the taxes imposed hereunder.
Strict compliance with statutory time limitations is a jurisdictional prerequisite in tax cases. Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 65 A.2d 828 (1949); Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.1970) aff’d o.b. 57 N.J. 199, 270 A.2d 702 (1970), app. dism. 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971); Prospect Hill Apt's v. Flemington, 1 N.J.Tax 224 (Tax Ct.1979); Salem v. Salem Cty. Bd. of Taxation, 1 N.J.Tax 462 (Tax Ct.1980). Under the quoted statute, appeal by plaintiff was mandated within three months after the decision, finding or action of defendant’s Director of Finance. The earliest such action was June 23, 1971, when that officer denied plaintiff’s claim to exemption from the payroll tax. The time to seek review of that denial expired September 23,1971. The rejection of plaintiff’s claim was repeated on July 7, 1972, and review thereof in the Division of Tax Appeals was *374 foreclosed after October 7,1972. Thereafter, plaintiff continued to file quarterly payroll tax reports and to pay the tax shown thereon to be due. Defendant’s ongoing decision that plaintiff was not exempt is presumed, and the Director’s determination attaches to each quarterly payment as it became due. Plaintiff was therefore required to file its appeal pursuant to N.J.S.A. 40:48C-38 within three months after the due date for each quarter, which is the end of the month following the close of the quarter. N.J.S.A. 40:48C-16(b). By virtue of the Director’s determination of June 23, 1971, repeated on July 7, 1972, that plaintiff was not exempt, defendant was under no duty to respond to plaintiff’s letters of September 28 and November 9, 1977.
While the Division of Tax Appeals would have been precluded from adjudicating plaintiff’s payroll tax liability for quarters ended after the petition was filed, Clairol, Inc. v. Kingsley, supra, the Tax Court labors under no such disability. Tax Court rules freely permit amendments to pleadings prior to completion of the pretrial conference. R. 8:3-8. Plaintiff’s claim for refund of tax paid for all quarters subsequent to the filing of the petition with the Division of Tax Appeals, up to and including the last quarter of 1979, was explicitly set forth in its pretrial memorandum and the pretrial order without objection from defendant.
I therefore construe plaintiff’s compliant as amended to include such relief with respect to all quarters ended after August 17,1978, the date the petition was filed with the Division of Tax Appeals, up to and including the quarter ended December 31, 1979.
In view of the foregoing, the only taxable periods subject to review are the consecutive quarters ended June 30,1978 through the quarter ended December 31, 1979.
Plaintiff argues that it is entitled to exemption either under the provisions of N.J.S.A. 8A:5 — 10, which exempts cemetery companies from any state and local taxes, including “business taxes,” or N.J.S.A. 40:48C-41, which expressly exempts “transactions of any religious, charitable or educational institution or *375 organization organized not for profit” from taxes, such as payroll taxes, which a municipality with a population exceeding 350,000 could impose pursuant to the Local Tax Authorization Act of 1970, N.J.S.A. 40.-48C-1 et seq.
I conclude that plaintiff is exempt from defendant’s payroll tax by virtue of N.J.S.A. 8A:5-10 which provides, pertinently: “Cemetery companies shall be exempt from the payment of any real estate taxes on lands dedicated for cemetery purposes, personal property taxes, business taxes, sales taxes, income taxes, and inheritances taxes. . .. ”
The array of taxes specified in this statute is exhaustive and embraces all manner of taxes which could conceivably be imposed upon a corporate or other business entity or property owner.
The conclusion that plaintiff is entitled to exemption by virtue of N.J.S.A. 8A:5-10 makes a discussion of its alternative ground unnecessary.
Judgment will be entered dismissing plaintiff’s complaint with respect to all quarters ended prior to the second quarter of 1978. Plaintiff is entitled to refunds with respect to the consecutive quarters commencing with the quarter ended June 30, 1978 through the quarter ended December 31, 1979. The parties will submit computations of the amount of each refund pursuant to R. 8:9-3.