HOPKINS, J.T.C.
Defendant (taxpayer) has moved to dismiss Alpine’s appeal of a judgment of the Bergen County Board of Taxation which affirmed the 1988 assessment of property known as Block 81-D, Lot 19, in the taxing district of Alpine. The original assessment had been appealed to the county board by Alpine. The county board, under circumstances subsequently detailed, affirmed the assessment.
Taxpayer’s position is that the appeal was filed beyond the 45-day period allowed by N.J.S.A. 54:51A-9(a) and R. 8:4-1(a)(2).
The facts are not in dispute and so the matter is ripe for a determination of whether summary judgment in favor of taxpayer should be granted. Based upon the facts and the applicable law, the motion for summary judgment is granted.
Alpine’s appeal to the Bergen County Board of Taxation requested that the assessment be increased from $2,000,000 to $2,575,700. A hearing was held on September 16, 1988, at which time the Alpine tax assessor testified. While the attorney for the taxpayer was present, there were no witnesses presented on taxpayer’s behalf. Over the objection of Alpine’s attorney, the county board permitted taxpayer’s attorney to submit a written appraisal by Friday, September 23, 1988. This appraisal was also to be furnished to Alpine’s attorney and the assessor by that date, so that it could be reviewed over the weekend in preparation for the new hearing scheduled for September 26, 1988. This new date was set because Alpine’s attorney was going on vacation on September 27, 1988.
The assessor was in his office during normal working hours on September 23, 1988, and when he left, no appraisal report had been presented to him. However, when he arrived at work on Monday, September 26, 1988, an appraisal report was on his desk. Alpine’s attorney, meanwhile, not having received a copy *539 of taxpayer’s appraisal, wrote a letter on Monday, September 26, 1988, to the Bergen County Board of Taxation advising it that since no appraisal report had been received on or before the September 23 due date, the revised assessment should be granted.
On October 12, 1988, upon return from his two-week vacation, Alpine’s attorney again wrote to the county board requesting that the revised assessment be granted. However, by a judgment dated October 12, 1988, and mailed on October 13, 1988, the county board affirmed the assessment.
After receipt of the county board judgment, Alpine’s attorney, on November 8, 1988, wrote to the county board requesting that it reconsider the October 12, 1988 judgment on the grounds that taxpayer had presented no evidence at the hearing on September 16, 1988, and had failed to submit the directed appraisal within the time limit set by the board at that hearing. By letter dated November 3, 1988, Alpine’s attorney was advised that the county board tax administrator had received the letter and that it would be presented to the board for its consideration. On December 15, 1988, the Alpine attorney was advised by the tax administrator that the board had directed that the judgment would not be revised. Subsequently, Alpine filed the subject complaint in this court.
Taxpayer’s position is that the complaint is out of time since it was filed more than 45 days after the service of the county board judgment. Service is deemed complete as of the date the judgment is mailed plus an additional three days for mailing time. See R. 1:3-3 and R. 8:4-2. The last day for filing the complaint was November 30, 1988. The complaint was filed on December 27, 1988.
Unless the correspondence with the county board had an impact on the prescribed time for filing, the Tax Court complaint was out of time since the principles requiring strict compliance with Tax Court filing deadlines are well established. Salem v. Salem Cty. Bd. of Taxation, 1 N.J.Tax 462 (Tax Ct.1980).
*540 It is recognized that a county board may reconsider and revise its judgment if such revision is effected prior to the November 15 date when it loses jurisdiction to review assessments and also, prior to any appeal of such county board judgment. Bass River Tp. v. Driscoll, 3 N.J. Tax 177 (Tax Ct.1981). Here, however, the board did not issue any revised judgment. Instead, it advised Alpine that the original judgment would not be revised.
Title 18, chapter 12A, subchapter 1, of the New Jersey Administrative Code, contains the general provisions applicable to each county board of taxation. Such provisions do not contain any specific instructions regarding reconsideration of judgments. However, there is a provision, namely N.J.A.C. 18:12A-1.15(a), which states:
In the absence of a rule covering any matter at issue, the rules of the Tax Court insofar as they may be applicable, shall govern.
Tax Court R. 8:10 specifically provides as follows:
The provisions of ... R. 4:49-2 ( ... Motion to Alter or Amend a Judgment) shall apply jto Tax Court matters except that all such motions shall be filed and served not’later than 20 days ... after entry of the judgment or order, with respect to R. 4:49-2.
R. 4:49-2 reads as follows:
Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for a rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 10 days after entry of the judgment or order. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.
The above rules are applicable to the county board and permit the filing of a motion for reconsideration within the time limit set. The time limit, as applicable herein, would be the 20-day filing and service period provided by R. 8:10. Accordingly, since the county board judgment was entered on October 12, 1988, Alpine would be permitted to file and serve a motion for reconsideration by November 1, 1988.
A timely filing of a motion for reconsideration tolls the filing period until final action on such motion. R. 2:4-3. However, the time period for filing a motion for reconsideration may not be enlarged. R. l:3-4(c).
*541 Even though the letter dated November 2, 1988, was not specifically characterized as such, it will suffice as an appropriate motion if its substance adequately apprises all concerned of the relief requested. See Hartford Insurance Group v. Marson Constr. Corp., 186 N.J.Super. 253, 452 A.2d 473 (App.Div.1982), certif. den. 93 N.J. 247, 460 A.2d 656 (1983).
While the letter qualifies as an appropriate motion, it was not timely. The Tax Court rules require that the motion be filed and served not later than 20 days after entry of the judgment or order. The judgment, dated October 12, 1988, is considered entered on that date. The date by which the motion for reconsideration should have been filed and served was 20 days thereafter, or Tuesday, November 1, 1988. The record reflects that the letter was dated November 2, 1988 and, based upon the acknowledgment from the county board, was received November 3,1988. Since the time limitation expired on November 1, 1988, the request for reconsideration was not timely.
Having determined that the request for reconsideration was out of time, Alpine cannot qualify for the appeal time tolling relief provided by R. 2:4-3(e). Accordingly, the statutory appeal period, which commenced with service of the county board judgment, expired prior to the filing of the Tax Court complaint.
The Clerk of the Tax Court will enter a judgment dismissing the complaint.